Bell, J.
 

 The sole question for determination may be stated thus: “Did the Court of Common Pleas have jurisdiction to entertain this action?”
 

 The trial court’s judgment of dismissal and the affirmance thereof by the Court of Appeals were based upon the ground that the action was not commenced within the time limited by law.
 

 Section 12079, General Code, provides
 
 who may ■bring an action to contest the validity of a will, vis.:
 

 “A person interested in a will or codicil admitted to probate in the probate court, or court of common -pleas on appeal, may contest its validity by a civil .action in the common pleas court of the county in which such probate was had.”
 

 Section 12080, General Code, providing
 
 who are the ■necessary parties,
 
 reads:
 

 “All the devisees, legatees, and heirs of the testator, .•and other interested persons, including the executor or ■administrator,
 
 must
 
 be made parties to the a,ction.” (Italics ours.)
 

 Section 12087, General Code, provides the
 
 limitation •of time for the commencement of the action
 
 and reads in part as follows:
 

 
 *97
 
 “An action tó contest a will or codicil shall be brought within six months after it has been admitted to probate. * # * ”
 

 Section 10504-32, General Code, insofar as applicable here, provides:
 

 “If within six months after probate had, no person interested appears and contests the validity of the will, thé probate shall be forever binding # *
 

 No right exists to maintain an action to contest the validity of a will except as it is specifically provided by statute.
 
 McVeigh
 
 v.
 
 Fetterman,
 
 95 Ohio St., 292, 116 N. E., 518.
 

 The provisions of the statutes relative to an action to contest the validity of a will are mandatory; the enjoyment of the right to maintain such action is dependent upon compliance with the statutory conditions and limitations and a failure to comply extinguishes such right.
 

 If, therefore, the record discloses such failure of compliance with the statute prescribing the limitation of time for the commencement of the action, the Court of Common Pleas- was without jurisdiction.
 

 A statement of the pertinent facts in chronological order follows:
 

 (1) Forest E. Field, testator, died on January 12, 1939, and his last will and testament was admitted to probate on January 26, 1939.
 

 (2) This action was filed by plaintiffs, Mrs. George B. Case and Mrs. Minnie Case, on June 24, 1939, against E. Alice Smith individually and E. Alice Smith as administratrix with the will annexed; Bertrand Bueche, Lily Scribner and the unknown heirs, if any, of Forest E. Field, deceased.
 

 (3) On June 24, 1939, a precipe was filed directing summons to be issued and served on E. Alice Smith individually and E. Alice Smith as administratrix; the summons was duly issued and served.
 

 
 *98
 
 (4) On July 22, 1939, E. Alice Smith, individually and as administratrix filed a demurrer to the petition; the demurrer was sustained on May 4, 1940.
 

 (5) On the last mentioned date an amended petition was filed by plaintiffs against E. Alice Smith individually and as administratrix with the will annexed, and also against Bertrand Bueche; Lily Scribner was not made a defendant by the amended petition.
 

 (6) On June 4, 1940, although never served with summons, Bueche filed an answer.
 

 (7) On February'26,1941, Anna May Ciéis, Yernon and Clarence Porter and Gladys Kimmich were made party defendants by journal entry; on the same date these four parties waived the issuance and service of summons, entered their appearance and filed a joint answer.
 

 (8) Bueche, Cleis, Kimmich and the Porters are heirs-at-law of decedent.
 

 ■ (9) No service, personal of constructive, was ever had upon any of the defendants except E. Alice Smith, individually, and E. Alice Smith as administratrix, she being the sole beneficiary under the will although neither an heir-at-law nor next of kin of decedent.
 

 The six-months period of limitation prescribed by Section 12087, General Code, terminated July 26, 1939.
 

 - It is conceded that none of the heirs-at-law or next of kin were served with summons within the six-months period, but it is claimed that E. Alice Smith individually and as administratrix having been served within time the heirs-at-law or other interested persons could be served thereafter by reason .of the provisions of Section 11230, General Code, which reads as follows:
 

 “An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant,' at the date of- the summons which is served on him or on a codefendant who-, is a' 'joint contractor,, or
 
 otherwise united in interest .with Mrn'M.
 
 (Italics ours.)
 

 
 *99
 
 The specific question for determination is whether E. Alice Smith as sole beneficiary or administratrix with the will annexed is “united in interest” with the heirs-at-law of decedent.
 

 A complete answer to this question is found in the language of Judge Matthias in the case of
 
 McCord
 
 v.
 
 McCord,
 
 104 Ohio St., 274, 135 N. E., 548. At page 278 he said:
 

 “Surely no one would claim that an heir, who is not a devisee or legatee, under the will, is ‘united in interest’ with a devisee or legatee who is not an heir, nor could anyone who would be benefited by setting aside the will be held to be ‘united in interest’ with one-who would be benefited only if the will were sustained.”
 

 This will, if sustained, will benefit no person other than E. Alice Smith; the heirs-at-law could be benefited .only by the setting aside of the will.
 

 The conclusion is inescapable that E. Alice Smith as sole beneficiary or administratrix is not “united in interest” with the heirs-at-law, Bueche, Cleis, Kimmich and the Porters.
 

 The syllabus in the
 
 McCord case, supra,
 
 reads:
 

 “1. By virtue of the' provisions of Section 10531, General Code, the court is without jurisdiction to entertain an action to contest a will commenced subsequent to the limitation of time prescribed by Section 12087, General Code.
 

 “2. Codefendants are ‘united in interest’ within the meaning of the provisions of Section 11230, General Code, only when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action.
 

 “3. An executor named in a will is not ‘united in interest’ with the heirs and devisees, and an action to contest a will is not commenced as to the heirs of the testator and the devisees under the will by the issu
 
 *100
 
 aneé of a summons for the executor, though duly served upon him. ’ ’
 

 The principles announced in the
 
 McCord case, supra,
 
 .fully dispose of the instant case. The Court of Common Pleas was without jurisdiction and the Court of Appeals was correct in holding that the action was properly dismissed for want of jurisdiction.
 

 The judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart and Turner, JJ., concur.