By the Court.
 

 This case is similar to that of
 
 Peters v. Moore, ante,
 
 177, this day decided, and was certified to this court by the Court of Appeals for Franklin county on the ground of conflict with the judgment of the Court of Appeals for Pickaway county in the case of
 
 Bockert
 
 v.
 
 Bockert,
 
 82 Ohio App., 274, 81 N. E. (2d), 549, and the judgment of the Court of Appeals for Lucas county in the case of
 
 Morisse v. Billau,
 
 70 Ohio App., 215, 45 N. E. (2d), 798.
 

 In the instant case
 
 no one
 
 was made a party in the fiduciary capacity of executor, and no precipe was filed or summons served on anyone in that capacity within the statutory period.
 

 As in the
 
 Peters case, supra,
 
 the action was dismissed for want of jurisdiction. This judgment was affirmed by the Court of Appeals.
 

 The plaintiff relies on the fact that although Howard M. Jones was named and served as a defendant in his individual capacity alone as devisee and legatee, the body of the petition contains a statement that he was appointed executor by the court of probate.
 

 
 *185
 
 Reliance is placed, too, on the further fact that in his answer J ones expressed no reservation that he was not answering in the fiduciary capacity of executor but in his individual capacity alone. The exact language of his answer is “now comes the defendant Howard M. Jones, ® Then he admits the truth of numerous allegations — among them that he is the executor.
 

 From these facts the court is asked to
 
 infer
 
 that Jones was
 
 sued
 
 in the distinctive, fiduciary capacity of executor, although he was not named as a defendant in that capacity, no precipe was filed for the issuance of a summons for him in that capacity, and no summons was served on him in that capacity; and no explanation is offered as to why these important steps were not taken.
 

 As observed in the
 
 Peters
 
 case, Section 12080, General Code, clearly provides that the executor
 
 must
 
 be made a
 
 party
 
 to the action. As in the
 
 Peters case,
 
 this was not done within the statutory period, and the action must fail.
 

 The judgments of the lower courts were correct and must bo affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.