Weygandt, C. J.
 

 The Court of Appeals relied ou the decision of this court in the case of
 
 Draher
 
 v.
 
 Walters,
 
 130 Ohio St., 92, 196 N. E., 884, in which the syllabus reads as follows:
 

 ‘ ‘ Service of summons upon one of the legatee-devisee defendants, in an action to contest the validity of a will, is to be deemed commencement of the action as to each of the defendants of that class, and also the executor. Actual service of summons can thereafter be made upon the remainder of the defendants of that class.”
 

 Two additional decisions of this court are discussed at length by counsel. They are the earlier cases of
 
 McCord
 
 v.
 
 McCord,
 
 104 Ohio St., 274, 135 N. E., 548, and
 
 Bradford
 
 v.
 
 Andrews,
 
 20 Ohio St., 208, 5 Am. Rep., 645.
 

 On behalf of the defendant and appellant, Lotus Moore, it is contended that the decision in the
 
 Draher case, supra,
 
 should be overruled; that it was erroneously based on the decision in the
 
 Bradford
 
 case,
 
 supra;
 
 that the omitted parties in the
 
 Bradford case
 
 were legatees — not the executor; that the court did not hold in that case that service of summons on an heir, legatee or devisee is sufficient to support service
 
 *180
 
 of summons on the executor after the statutory period has elapsed; that the court did not hold in that case that an heir, legatee or devisee is in the same class as the executor; that the present Section 12080, General Code, naming those who must be made parties to an action to contest a will, was not enacted until approximately eight years after the decision in the
 
 Bradford
 
 case; that the decision in the
 
 Draher case
 
 is in conflict with that in the
 
 McCord case
 
 which was approved and followed in the recent case of
 
 Case
 
 v.
 
 Smith, Admx.,
 
 142 Ohio St., 95, 50 N. E. (2d), 142; and that the provisions of Section 11230, General Code, relied on b}7 the plaintiff and relating to defendants united in interest, are by their own terms limited in their effect to the chapter on limitation of actions and are not applicable to special statutes imposing a condition precedent or a limitation qualifying a given right, such as the period of six months within which a will contest may be instituted. Section 11230, referred to by the defendant Lotus Moore, reads in part as follows: •
 

 “An action shall be deemed commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. * * *”
 

 In addition to these contentions the appellant insists that, irrespective of the correctness or incorrectness of the decision in the
 
 Draher case,
 
 the instant case is distinguishable on the facts and the plaintiff has not brought himself within the purview of the
 
 Draher case
 
 decision. A study of the record sustains this contention.
 

 Section 12080, General Code reads:
 

 “All the devisees, legatees, and heirs of the testator, and other interested persons, including the
 
 executor
 
 or administrator,
 
 must
 
 be made parties to the action.” (Italics supplied.)
 

 In the
 
 Draher case
 
 there was a compliance with
 
 *181
 
 this mandatory jurisdictional provision. When the suit was instituted the executor was named as one of the defendants. To the petition was attached a precipe requesting issuance and service of summons on all defendants. However, the clerk failed to issue a summons for the executor. This fact was not discovered by the plaintiff until the statutory period had elapsed. She immediately filed another precipe for a summons, and service was had.
 

 In contrast, in the instant case there was no compliance with this statute. The sole executrix as such was not named as one of the defendants in the petition, and, of course, there was no precipe for the issuance of a summons for her and none was served on her as executrix. As a further complication, in his petition the plaintiff included among the defendants Leroy Peters as executor, although he never had been appointed as such; but a precipe was filed and he was served with a summons in that capacity.
 

 Thus the matter was permitted to stand until approximately ten months after the action was instituted and eleven months after the will had been probated, although Lotus Moore had been appointed executrix and had served as such during the entire period. Finally the plaintiff filed an amended petition naming Lotus Moore as a defendant in her distinctive, official, fiduciary capacity as executrix, and a summons was served on her as such. Thereafter the action was dismissed on the ground that the court was without jurisdiction since the executrix had not been made a party within the statutory period of six months after the probate of the will, as required by Section 12080, General Code. In the first sentence of the opinion in the
 
 Draher case
 
 appears the statement: “Defendants in error concede that all necessary parties were named in the petition as provided by Section 12080, General Code.”
 

 But in the instant case the plaintiff contends fur
 
 *182
 
 ther that the additional service of summons on Lotus Moore as executrix was unnecessary inasmuch as he had named her individually as one of the defendant heirs and legatees in his original petition and she was so served with a summons. In other words, he insists that the designation of her capacity is immaterial and that as long as she is a party in one capacity she may be considered inferentially a party in any other capacity. However, the fallacy of that argument is cogently illustrated by the fact that not only was Lotus Moore not sued as executrix but another person alone was specifically named in the petition as the duly appointed and qualified executor of the estate. The plaintiff’s theory would place the court in the anomalous position of substituting a mere, unwarranted inference for a specific, contrary allegation — hardly a proper rule for construing a pleading.
 

 Furthermore, the appellant is correct in her contention that the decision in the
 
 Bradford case, supra,
 
 does not serve as a basis for the decision in the
 
 Draher case.
 

 A careful study discloses not only that at the time of the
 
 Bradford case
 
 decision in the year 1870 Section 12080, General Code, had not been enacted but that this section was not preceded by any similar statute. Hence, when the section was enacted in 1878, the provisions were new and, of course, were not under consideration in the
 
 Bradford case.
 

 But this section was in effect in 1922 when the
 
 McCord case,
 
 supra, was decided. The syllabus in that case reads in part as follows:
 

 “2. Codefendants are ‘united in interest’ within the meaning of the provisions of Section 11230, General Code, only when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action.
 

 “3. An executor named in a will is not ‘united in
 
 *183
 
 interest? with the heirs and devisees, and an action to contest a will is not commenced as to the heirs of the testator and the devisees under the will by the issuance of a summons for the executor, though duly served upon him.”
 

 Hence the court is unanimously of the opinion that that part of the
 
 Draher case
 
 syllabus relating to an executor must be overruled.
 

 Furthermore, if there is not unity of interest between the executor and heirs and devisees sufficient to support service of summons on the heirs and devisees after service on the executor, obviously service on the heirs and devisees is likewise not sufficient to support service on the executor,, as in the instant case. Eestated more simply, the rule is as broad as long and works both ways.
 

 Inasmuch as the right to contest a will in Ohio is based on mandatory, jurisdictional statutes and the plaintiff has failed to comply with the requirement that the executor be made a party and a summons issued within six months after the will has been admitted to probate, the trial court was correct in dismissing the action. Hence, the judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.