Taft, J.
An action to contest a will is provided for in Chapter 8, entitled “To Contest Will,” of Division VII, entitled “Special Actions,” of Title IV, entitled “Procedure in Common Pleas Court,” of Part Third, entitled “Remedial,” of the General Code of Ohio.
Section 12079, General Code, in that chapter reads:
“A person interested in a will or codicil admitted to probate in the Probate Court, or Court of Common Pleas on appeal, may contest its validity by a civil action in the Common Pleas Court of the county in which such probate was had.”
It is the position of defendant executor that, since the action to contest a will may be brought under that section only by “a person interested in a will * * * admitted to probate” and the petition on its face disclosed that only someone other than the plaintiff was *383 so interested, no cause of action was stated in the petition. Defendant executor also takes the position that the provisions of the General Code relating to pleading do not apply to a will contest. In this he is partly right. Thus, in Dew v. Reid, 52 Ohio St., 519, 40 N. E., 718, the syllabus reads in part:
“1. While the appropriate remedy for the contest of a will is now by civil action, the rules of pleading and procedure under the Code, when inconsistent with special statutory provisions relating to such contests, are inapplicable, and the action must be conducted in conformity with such special provisions.
“2. The issue to be made up and tried in such actions, having, been prescribed by statute, cannot be varied or restricted by averments in the pleadings, but must be the same, whether made up by the pleadings, or by an order on the journal of the court, viz., ‘whether the writing produced is the last will or codicil of the testator, or not.’ ”
An examination of the special provisions relating to a will contest indicates that the only one which might be inconsistent with the provisions of the Code with respect to pleading, which are generally applicable in a civil action, is Section 12082, General Code, which reads in part:
“An issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will or codicil of the testator, which shall be tried by a jury. The verdict shall be conclusive, unless a new trial be granted, or the judgment is reversed or vacated * * *."
It is apparent from that section that it is not necessary to have pleadings other than a petition in order to make up the principal issue “whether or not the writing produced is the last will or codicil of the testator. ’ ’ However, there is nothing to indicate that the other provisions of the Code relative to pleading, *384 which are generally applicable in a civil action, should not apply in a civil action to contest a will in the raising of other material issues of law or of fact. See Niemes v. Niemes, 97 Ohio St., 145, 119 N. E., 503.
In Zinn v. Ferris, Exr., 15 C. C. (N. S.), 148 (affirmed without opinion, 88 Ohio St., 555, 106 N. E., 1087), the executor “filed a motion for an order of abatement and dismissal of the action, setting up by affidavit certain facts denying the right of plaintiff * * * to maintain a contest of the will.” After hearing, the trial court granted the motion and dismissed the petition.
It had been contended “that under our statute it was the duty of the court when the petition to contest the will was filed to have had an issue made up either by pleadings or by an order on the journal as to whether or not the writing produced was the last will of the testator, and that this issue should have been tried by a jury, and that the only adjudication of such a question was to be determined solely by a verdict of a jury so returned.”
In disposing of this contention, the court stated:
“While this no doubt is correct, yet it seems to us that if a question is made as to the right of the plaintiff to maintain the action, it is not only proper but it is the duty of the court to determine this preliminary question before submitting to the jury the general question as to the validity of the will.
< ( * ft &
“The right to maintain the action can and should be determined first and if this right is determined adversely to the plaintiff, then there is nothing to submit to the jury. If, on the other hand, it is determined in his favor, then the court will proceed in accordance with the statute and submit the issue as to the validity of the will to the jury.”
Chapter 5 entitled “Pleadings” is found in Division *385 II, entitled “Civil Actions,” of the same Title IV, entitled “Procedure in Common Pleas Court,” of Part Third, entitled “Bemedial,” of our Code. Included therein is Section 11309, which reads, so far as pertinent:
“The defendant may demur to the petition only when it appears on its face either:
6 C * * *
‘ ‘ 3. That the plaintiff has not legal capacity to sue;
í Í # * #
“10. That the petition does not state facts which show a cause of action.”
Our statutes make no provision for a plea in abatement, such as defendant executor’s motion for an order of abatement and dismissal, the usual grounds therefor having been stated in the foregoing statutory section as grounds for demurrer where they appear on the face of the petition and provision having been made by Section 11311, General Code, for relying on those grounds by answer where they do not appear on the face of the petition. See 31 Ohio Jurisprudence, 734, Section 168.
There are no provisions relative to amendment of a petition after the filing or granting of a plea in abatement. However, since such a plea is not provided for by our statutes but the statutory method provided for raising questions heretofore raised by such a plea is to raise them by demurrer where they appear on the face of the petition, we are of the opinion that the plaintiff should have the same rights with regard to amendment of his petition, where such a plea in abatement is filed or granted and the grounds thereof could have been raised by demurrer pursuant to our statutes, as he would have had if the grounds thereof had been raised by such a demurrer.
Such rights are provided for in Section 11361, General Code, which reads:
*386 “Within ten days after a demurrer is filed, the adverse party may amend, without leave, on payment of costs since filing the defective pleading. Notice of filing an amended pleading shall be forthwith served upon the other party, who shall have the same time thereafter to answer, or reply thereto, as to an original pleading.”
Provision is also made for such rights by Section 11365, General Code, which reads:
“If the demurrer be sustained, the adverse party may amend if the defect thus can be remedied, with or without costs as the court directs. It shall be no objection to such amendment, that it changes the action from law to equity, or vice versa, if its basis, essential facts, and final object remain the same.”
With regard to Section 11361, General Code, it is pointed out that, when plaintiff filed his supplemental petition within ten days after defendant executor’s plea in abatement, plaintiff neither paid nor offered to pay costs since the filing of his original petition.
However, in his motion to dismiss the supplemental petition, defendant executor did not complain of that fact. The trial court would have been fully authorized to grant defendant executor’s motion to take effect if, within a reasonable time, plaintiff did not pay the accrued costs. However, the court dismissed the supplemental petition absolutely and not merely because plaintiff had not paid such costs.
If we agree with the contention of defendant executor that the supplemental petition, not having been filed either with leave or on payment of accrued costs, should have been dismissed, it is still difficult to justify the action of the trial court with respect to the original petition. If the motion for an order of abatement and dismissal is, as we believe it should be, given effect as a demurrer to the petition, then under Section 11365, General Code, plaintiff should have been given *387 leave to amend with or without costs as the court directed, if the defect in the petition could be remedied by amendment. Instead, the trial court dismissed the action.
It is arguable that Section 11601, General Code, authorizes a motion for judgment on the pleadings at any time and that defendant executor’s motion for an order of abatement and dismissal could be treated as such a motion. However, where such motion is made before trial and at a time such as in the instant case when, in effect, it represents no more than a mere substitute for a demurrer to the petition, the plaintiff should have the same rights with regard to amendment as provided in Sections 11361 and 11365, General Code. This conclusion is fortified by the provisions of Section 11363, General Code, reading in part:
“Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading * * * by inserting * * * allegations material to the case * *
In Archdeacon, Admr., v. Cincinnati Gas & Electric Co., 76 Ohio St., 97, 81 N. E., 152, a defendant in a death action filed an answer within the period of limitations admitting that plaintiff was the duly appointed and qualified administrator of the deceased. As a matter of fact, plaintiff was not appointed as such until after expiration of the period of limitations. This court held that an amendment of defendant’s answer to so allege would not be in furtherance of justice and should be refused.
It would seem to follow in the instant case that an amendment of the petition to allege facts showing that plaintiff was an interested party would be in furtherance of justice.
Defendant executor, however, points out that the supplemental petition was filed more than six months after the probate of decedent’s will, which was beyond *388 the statutory period within which an action to contest that will could be brought; that the original petition had stated no cause of action; and that, to permit its amendment so as to state a cause of action for the first time after the statutory period of limitations, would be to disregard the statutory limitation on the right created by the statute.
Section 12087, General Code, provides in part:
“An action to contest a will or codicil shall be brought within six months after it has been admitted to probate * * V’
A somewhat similar question was before this court in Louisville & Nashville Rd. Co. v. Greene, Admx., 113 Ohio St., 546, 149 N. E., 876, where the syllabus reads:
‘ ‘ 1. Suit was brought in an Ohio court for wrongful death resulting from injuries sustained in the state of Kentucky. The petition did not set forth any Kentucky statute authorizing recovery of damages therefor in that state. After trial and verdict a new trial was granted, and the plaintiff: given leave to file an amendment to her petition setting forth a statute of Kentucky authorizing recovery of damages for wrongful death. Held: The Ohio courts cannot take judicial notice of the existence of such statute of a sister state. Not having been pleaded in the petition, that pleading was subject to demurrer.
“2. Since the action could not have been based upon any common-law liability, an amendment to the petition setting forth such Kentucky statute was not a new, independent, or substituted cause of action, and was not a departure from the action commenced. It sought merely to cure a defect in the original pleading by supplying a missing allegation.
“3. Under Section 11363, General Code, such amendment may be made after the period of limitation has expired, provided the action was commenced within *389 that period. Such amendment relates back to the time of the commencement of the action.”
See, also, Douglas, Admx., v. Daniels Bros. Coal Co., 135 Ohio St., 641, 22 N. E. (2d), 195.
Just as it is contended with respect to the statutory cause of action and its statutory limitation in the instant case, it was recognized in the court’s opinion in the Greene case (page 563) that the statutory limitation for bringing the statutory cause of action there involved was a part of that cause of action created by statute. Cf. McVeigh v. Fetterman, 95 Ohio St., 292, 295, 116 N. E., 518.
Case v. Smith, Admx., 142 Ohio St., 95, 50 N. E. (2d), 142, Peters v. Moore, 154 Ohio St., 177, 93 N. E. (2d), 683, and Bynner v. Jones, 154 Ohio St., 184, 93 N. E. (2d), 687, each involved the question whether an action had been brought within the statutory period of limitations, where all necessary parties had not been made defendants within that period. In the instant case, all necessary parties had been made defendants within the statutory period of limitations so that those cases have no application.
Most of plaintiff’s difficulties in the instant case might have been avoided if plaintiff had, as contemplated by Section 11361, General Code, paid the accrued costs on filing his so-called supplemental petition. All those difficulties could have been avoided if plaintiff had properly prepared his original petition before filing it. Under the circumstances, we believe that all costs heretofore incurred in the Common Pleas Court, Court of Appeals, and this court should be paid by plaintiff before plaintiff is permitted to file as an amended petition what he endeavored to file as a supplemental petition. See Sections 11363 and 11365, General Code.
The judgment of the Court of Appeals is therefore reversed and the cause remanded to the Common Pleas *390 Court with instructions to permit plaintiff to file his supplemental petition as an amended petition if, within a reasonable time to be fixed by the court, plaintiff pays all such costs.

Judgment reversed.

Middleton, Matthias, Hart,' Zimmerman and Stewart. JJ., concur.