Matthias, J.
The single question of law presented to this court is: Did the Court of Appeals commit error in affirming the judgment of the Court of Common Pleas dismissing the action for want of jurisdiction for the reason it was not commenced within the time required by law?
In the decision of this matter it is necessary to refer to certain pertinent statutes which establish the right to contest a will, as they were in effect at the time of *235 the commencement of this action, and which are as follows:
Section 12079, General Code. “A person interested in a will or codicil admitted to probate in the Probate Court, or Court of Common Pleas on appeal, may contest its validity by a civil action in the Common Pleas Court of the county in which such probate was had. ’ ’
Section 12080, General Code. “All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action.”
Section 12082, General Code. “An issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will or codicil of the testator, which shall be tried by a jury. The verdict shall be conclusive, unless a new trial be granted, or the judgment is reversed or vacated * * *.”
Section 12087, General Code. “An action to contest a will or codicil shall be brought within six months after it has been admitted to probate, but persons under any legal disability may bring such action within six months after such disability is removed; and provided further, that the rights saved to persons under disability shall not be effective as against a bona fide purchaser for value, a fiduciary who has acted in good faith, or a person delivering or transferring property under authority of a will to a duly appointed fiduciary or to any other person. ’ ’
Section 10504-32, General Code. “If within six months after a will is admitted to probate, no person interested files an action to contest the validity of the will, the probate shall be'forever binding, saving, however, to persons under any legal disability * * *.”
As stated above, the petition of the plaintiffs, Leona E. Gravier, Anna Bechler and Charles P. Bechler, was filed within the six-month limitation period, and serv *236 ice of summons was had on the executrix and on the sole legatee within that period but no service was had within that time on the three heirs at law named in the petition as defendants. Immediately prior to the filing of the amended petition, the situation in this case was similar to that which existed in Case v. Smith, Admx., 142 Ohio St., 95, 50 N. E. (2d), 142, decided by this court July 14, 1943. That action was brought against the legatee, the administratrix and the known heirs and the unknown heirs of the decedent, and as in this case summons was issued on the legatee individually and on the administratrix but no summons was served on the heirs at law or next of kin. As in the instant case, the Court of Common Pleas dismissed the petition for want of jurisdiction and entered judgment in favor of the legatee and the administratrix.
. The syllabus of that case is as follows:
“1. No right exists to maintain an action to contest the validity of a will except as it is specifically provided by statute. (McVeigh v. Fetterman, 95 Ohio St., 292, approved and followed.)
“2. The provisions of the statutes relative to an action to contest the validity of a will are mandatory; the enjoyment of the right is dependant upon compliance with the conditions and limitations therein contained.
“3. The sole beneficiary, under a will, who is neither an heir at law nor next of kin of the decedent, is not ‘united in interest’ with decedent’s heirs at law or next of kin.
‘ ‘ 4. An action to contest the validity of a will is not commenced as to the heirs at law of testator by service of summons upon such sole beneficiary within six months from the date of probate where such sole beneficiary is neither an heir at law nor next of kin of decedent. (McCord v. McCord, 104 Ohio St., 274, approved and followed.)
*237 “5. In such action where none of the heirs at law or next of kin is served with summons and no person ‘united in interest’ with them is served within six months from the date of probate there is a failure of compliance with Section 12080, General Code, specifying who must be made parties, and the Court of Common Pleas is without jurisdiction to entertain such action. ’ ’
In the case of Peters v. Moore, 154 Ohio St., 177, 93 N. E. (2d), 683, the executrix duly appointed by the Probate Court was not named as a defendant in the petition to contest the will of the decedent, and no summons was issued or served on her. This court in that case held in the syllabus as follows:
“1. In Ohio the right to contest the validity of a will is statutory.
“2. The exercise of that right is subject to the conditions imposed by such statutes. (Paragraph one of the syllabus in the case of McVeigh v. Fetterman, 95 Ohio St., 292, and paragraph two of the syllabus in the case of Case v. Smith, Admx., 142 Ohio St., 95, approved and followed.)
“3. Under the provisions of Section 12080, General Code, all the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to an action to contest a will.
“4. Under those provisions it is mandatory and jurisdictional that the executor be made a party to such action.
“5. In such an action the court is without jurisdiction unless the executor is made a party and a summons, duly followed by service, is issued within six months after the will has been admitted to probate. (Draher v. Walters, 130 Ohio St., 92, overruled as to that part of the syllabus relating to an executor; and paragraphs two and three of the syllabus in the case *238 of McCord v. McCord, 104 Ohio St., 274, approved and followed.)
“6. It is not a compliance with this requirement when a person occupying the positions of heir, legatee and sole executor is made a party in his individual capacity as heir and legatee but not in his distinctive, official, fiduciary capacity as executor, and another person is sued as executor.”
The record in the instant case discloses that all the heirs of the testator were not named in the petition as defendants, and that the defendant heirs at law who were named were not served within the six-month period. Thus, at the expiration of this period of limitation, there was an absence of necessary parties, both as nominal defendants in the action and as actual parties lawfully summoned.
The amended petition filed after the expiration of the statutory period of limitation names as plaintiffs the original plaintiffs, nine heirs at law who were unnamed in the petition, and the three heirs at law who were denominated in the petition as the defendants and “his only next of ldn and heirs at law,” so that the amended petition names as defendants only the sole legatee and the executrix. It is the contention of the plaintiffs that the amended petition contains all the parties who are united in interest with them as plaintiffs, and that they are properly entitled to pursue this action by reason of Section 11256, General Code, which is as follows:
“Parties who are united in interest must be joined, as plaintiffs or defendants. If the consent of one who should be joined as plaintiff can not be obtained, or, he is insane, and the consent of his guardian is not obtainable, or he has no guardian, and that fact is stated in the petition, he may be made a defendant. ’ ’
Plaintiffs argue that Section 11256, General Code, does not restrict the time of joining parties united in *239 interest, and that, since Section 12080, General Code, providing that “all the devisees, legatees and heirs of the testator and other interested persons, including the executor and administrator, must be made parties, ’ ’ likewise contains no time limitation, the addition of plaintiffs after the six-month period had expired was not prohibited, if they were “united in interest.”
Reliance is also placed to some extent on the case of Bradford v. Andrews, 20 Ohio St., 208, 5 Am. Rep., 645.
That case was discussed in the opinion of Weygandt, C. J., in Peters v. Moore, supra, 182, in the following language:
“A careful study discloses not only that at the time of the Bradford case decision in the year 1870 Section 12080, General Code, had not been enacted but that this section was not preceded by any similar statute. Hence, when the section was enacted in 1878, the provisions were new and, of course, were not under consideration in the Bradford case.”
It is the position of the plaintiffs, however, that in Peters v. Moore the question involved was the addition of new parties defendant, and that that ease does not exclude the application of the rule in Bradford v. Andrews to this case, which involves only the addition of plaintiffs. Claim is made that at least one member of each necessary class of parties was made a party when the contest was originally commenced, i. e., heirs at law as plaintiffs and the executrix and the legateedevisee as defendants, and that other members of these classes can be joined at any time and must be joined before the case is heard.
The decisions of this court have repeatedly affirmed the dismissal of will contest cases where there was a failure to serve necessary parties to the action (or one united in interest therewith) within the time limited. It is stated in the syllabus of McVeigh v. Fetterman, 95 Ohio St., 292, 116 N. E., 518, that the right to con *240 test a will is conferred by statute but that the right thus granted is subject to the condition imposed that it must be exercised within the period prescribed by statute. A court is without jurisdiction to entertain an action to contest a will commenced subsequent to the limitation of time prescribed by statute.
This court has repeatedly applied Section 11230, General Code, to will contest cases, which section provides as follows:
“An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made.”
The plaintiffs were required only to comply with Section 12080, General Code, applicable particularly to will contests, which provides that all the devisees, legatees and heirs of the testator and other interested persons, including the executor and administrator, must be made parties to the action.
There are other provisions of the Code (Section 11298) applicable to unknown heirs of a decedent and how they may be joined in an action, which are designed to assist a plaintiff in serving all necessary parties defendant.
There was a defect in parties during the entire six-month limitation period, which became apparent upon the filing of the amended petition. If the claim of the plaintiffs, that one or more of them by instituting this action held the case open indefinitely for the benefit of any other person who wished to join as plaintiffs, were upheld, it would extend the time for settling estates of decedents indefinitely, in conflict with the established policy of this state. The duty of the plain *241 tiffs was to include in their action all the parties required by the statute within the six-month limitation. This was not done, and the Court of Common Pleas correctly determined it had no jurisdiction.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.