Per Curiam.

The rule is now well established by virtue of the decisions of this court in Peters v. Moore, 154 Ohio St., 177, 93 N. E. (2d), 683, and Bynner v. Jones, 154 Ohio St., 184, 93 N. E. (2d), 687, that, under the provisions of Section 2741.02, Revised Code (former Section 12080, General Code), and Section 2741.09, Revised Code (former Section 12087, General Code), it is mandatory and jurisdictional that the executor or administrator be made a party in an action to contest a will, and that in such an action the court is without jurisdiction unless the executor or administrator is made a party, and a summons, duly followed by service, is issued within six months after the will has been admitted to probate.
It is argued in the instant case that because W. Dean Hopkins was neither an heir nor a devisee it could reasonably be inferred that he was a party as administrator with the will annexed, and that service on him was so made. In the Bynner case, supra, a defendant was both legatee and executor and was served only as an individual. This court affirmed the dismissal of that action for failure to serve such defendant in his representative capacity.
In an action to contest a will, the fact that the executor or administrator is named as a party and was so served must clearly appear from the record of the case, and the fact that the person serving as executor or administrator may or may not be a party in another capacity does not eliminate the requirement that he be served in his fiduciary capacity.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Bell and Taft, JJ., concur.
Haut, ZimmeRmah and Stewart, JJ., dissent.