Taft, J.,
concurring. When Peters v. Moore, 154 Ohio St., 177, 93 N. E. (2d), 683, and Bynner v. Jones, 154 Ohio St., 184, 93 N. E. (2d), 687, were presented to this court for consideration in 1950, one side argued in effect, as have appellants in the instant case, that, so far as the executor or administrator is concerned in a will contest action, such executor or administrator *43 is not two legal entities but only one legal entity and is merely an individual acting- in a representative capacity. The other side argued in effect that such executor or administrator is a separate legal entity from the individual holding such office. That this court adopted the latter concept is clear from what is stated “by the court” in its opinion in Bynner v. Jones, supra (154 Ohio St., 184). The reasons advanced in that opinion indicate that in such a suit the executor is a separate legal entity from the individual who happens to be such executor. Thus, where A is executor of an estate, A as an individual is a separate legal entity from A as such executor. If, therefore, only A as an individual is made a party and is summoned, the separate legal entity that is A as executor is not thereby either made a party or summoned, even though the body of the petition names A as executor (it did in Bynner v. Jones).
When Bynner v. Jones, supra (154 Ohio St., 184), was decided by this court, the writer of this opinion believed that the argument made by appellants in the instant case was sounder (cf. Douglas, Admx., v. Daniels Bros. Coal Co., 135 Ohio St., 641, 22 N. E. [2d], 195,123 A. L. R., 761, and see 42 American Jurisprudence 18, Section 18) and would lead to less technical barriers in the path toward justice (see Gravier v. Gluth, Exr., 163 Ohio St., 232, 126 N. E. [2d], 332) than the concept adopted by this court as the basis for its decision in that case. However, since the other six members of this court disagreed with that argument and since the concept which they favored did not appear to be clearly unreasonable, the writer of this opinion, for the sake of unanimity, concurred in the Bynner v. Jones opinion and decision. I believe that the desirability of having some stability in the law as announced by this court militates against overruling the unanimous decision of this court in Bynner v. Jones, supra (154 Ohio St., 184), and the reasons unanimously advanced in the opinion “by the court” for that decision.
In the instant case, Hopkins as an individual was made a party and served with process within the statutory period specified for bringing a will contest proceeding. However, he as an individual is a separate legal entity from Hopkins as administrator; and Hopkins as administrator was not thereby either made a party or summoned. Thus, unless this court abandons *44 the reasoning which it advanced in support of its decision in Bynner v. Jones, supra (154 Ohio St., 184), and adopts the arguments of the appellants, which it rejected when that decision was rendered, it does not seem to me that it can with any logic do other than affirm the decision of the Court of Appeals in the instant case.