Stewaht, J.,
dissenting. It seems to me that the present case is distinguishable from the cases of Peters v. Moore, 154 Ohio St., 177, 93 N. E. (2d), 683, and Bynner v. Jones, 154 Ohio St., 184, 93 N. E. (2d), 687. In each of those cases the executor occupied a dual capacity. He was both an heir and legatee as well as executor.
The third paragraph of the syllabus in the Peters case reads as follows:
“Under the provisions of Section 12080, General Code, all the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to an action to contest a will. ’ ’
Paragraph four of the syllabus reads as follows:
“Under those provisions it is mandatory and jurisdictional that the executor be made a party to such action. ’ ’
This court held in each of those cases that the petition to contest the will was fatally defective for the reason that the executor was sued only in his individual capacity, and that under the statute he must be sued both as an heir and as an executor.
However, in the present case the administrator was not an heir, devisee or legatee, his only capacity in reference to the will was as administrator, and in the body of the petition, although not in the caption, he is named as such.
When he was served individually he could only have been a party as an administrator. Therefore, it seems logical that he was sued as such, and under such circumstances an amendment to the caption should have been allowed.
I am of opinion that the Peters and Bynner eases went to the extreme limit in the application of the statute, and that the application should not be extended beyond that limit. To extend it in the present case seems to me to be an unjustifiable techni *45 cality resulting in an unnecessary barrier in the path toward justice.
Hart and Zimmerman, JJ., concur in the foregoing dissenting opinion.