Weygandt, C. J.
Among the decisions of this court cited by both counsel are Bradford v. Andrews, 20 Ohio St., 208, 5 Am. Rep., 645; McCord v. McCord, 104 Ohio St., 274, 135 N. E., 548; Draher v. Walters, 130 Ohio St., 92, 196 N. E., 884; Case v. Smith, Admx., 142 Ohio St., 95, 50 N. E. (2d), 142; Peters v. Moore, 154 Ohio St., 177, 93 N. E. (2d), 683; and Gravier v. Gluth, Exrx., 163 Ohio St., 232, 126 N. E. (2d), 332.
The dissenting judge of the Court of Appeals relied heavily on the decision in the McCord case, supra, while the majority of that court were of the view that the pronouncement in the Gravier case, supra, is controlling. The latter is the view of this court, as well.
The syllabus in the Gravier case reads as follows:
“1. The provisions of the statutes relative to the right to contest the validity of a will are mandatory, and the enjoyment of the right is dependent upon compliance with the conditions and limitations therein contained.
“2. Under the provisions of Section 12080, General Code, all the devisees, legatees and heirs of the testator, and other *213 interested persons, including the executor or administrator, must be made parties to an action to contest a will.
“3. Where, in an action to contest a will brought by three heirs at law of the decedent, the petition names as defendants the sole legatee and devisee, the executrix and three other heirs at law but fails to name numerous other heirs at law necessary to the determination of the validity of the will, and no service of process is sought or secured on any of the defendant heirs within six months after the will has been admitted to probate, the addition as plaintiffs of the heirs at law, who are not included in the petition, and the defendant heirs at law, who are not served with summons to the action, after the expiration of the statutory period of limitation, does not confer jurisdiction on the court to hear such contest. (Case v. Smith, Admx., 142 Ohio St., 95, and Peters v. Moore, 154 Ohio St., 177, approved and followed.) ”
The second paragraph of the syllabus is based on Section 12080, General Code. This is now Section 2741.02, Revised Code, and reads in part as follows:
“All the devisees, legatees, and heirs of the testator * * * must be made parties. ’ ’
Also mentioned in the opinion in the Gravier case is Section 11230, General Code, on which the plaintiffs rely. This is now Section 2305.17, Revised Code, which reads in part as follows :
“An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, and Section 1307.08 of the Revised Code, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. * * *”
Furthermore, in the opinion in the Gravier case, the decisions of this court in the Bradford, McCord, Draher, Case and Peters cases, supra, are cited and discussed.
In view of these statutes and decisions, was the trial court in error in dismissing the action for want of jurisdiction since one of the heirs at law had not been included among the parties thereto within the statutory period of six months?
A mere recital of the decisive facts demonstrates the correctness of the dismissal.
Not only had the statutory jurisdictional period of six *214 months elapsed but a further interval of a year had passed, The omitted heir made no request that he be included as a party. Instead, the plaintiff contestants sought to place the responsibility on the trial court by moving that the court itself direct that James Yandes Clarke be made a party defendant and the court cause summons to be isued for James Yandes Clarke. This motion was overruled. The matter was not brought to the attention of the court until the conclusion of the trial, i. e., after the contestants had introduced the probated will and rested, and the defendant contestees had presented their evidence and rested. For some reason the contestants had not employed the usual procedure of obtaining service by publication on the decedent’s “unknown heirs,” as authorized by the provisions of Section 2703.24, Revised Code.
In the opinion in the Gravier case appears the following concluding comment:
“There was a defect in parties during the entire six-month limitation period, which became apparent upon the filing of the amended petition. If the claim of the plaintiffs, that one or more of them by instituting this action held the case open indefinitely for the benefit of any other person who wished to join as plaintiffs, were upheld, it would extend the time for settling estates of decedents indefinitely, in conflict with the established policy of this state. The duty of the. plaintiffs was to include in their action all the parties required by the statute within the six-month limitation. This was not done, and the Court of Common Pleas correctly determined it had no jurisdiction. ’ ’
In that case as in the instant one, “there was a defect in parties during the entire six-month limitation period.” In that case as in this, “the duty of the plaintiffs was to include in their action all the parties required by the statute within the six-month limitation.” There as here, “this was not done, and the Court of Common Pleas correctly determined it had no jurisdiction. ’ ’
In the McCord, Case, Peters and Gravier cases, supra, the trial court was held to be without jurisdiction by reason of a defect in necessary parties. In only the Bradford and Draher cases, supra, was the trial court held to possess jurisdiction. But as observed in the opinions in the Peters and Gravier cases, *215 the decision in the Bradford case is of no present assistance since Section 12080, General Code, now Section 2741.02, Revised Code, had not then been enacted; and in the Draher case all were named parties within the six-month limitation. Hence, there is no decision of this court holding that, under the present statutes, an action to contest a will need not be brought within six months after probate or that a necessary party need not be so nam.ed and made within the six-month limitation.
Perhaps it should be added that the instant case involves no question concerning the subsequent issuance or service of summons since the one heir at law was not named as a party within the six-month limitation and was not and could not have been properly so named thereafter.
In Ohio the right to contest the validity of a will or codicil is wholly a creature of statute and hence is entirely a matter of legislative policy. The intention of the General Assembly to accelerate the settlement of estates is indicated by the fact that at one time the requirement for will contests was two years. Later it was rediiced to one year, and now it has been still further restricted to six months. Also important is the additional fact that the General Assembly was not satisfied to enact an ordinary waivable statute of limitation but has established mandatory conditions precedent that the action “shall be brought” within six months after probate, and the interested persons “must be made parties” thereto.
The judgment of the Court of Appeals affirming that of the Court of Common Pleas is correct and must be affirmed.

Judgment affirmed.

Zimmerman, Taft, Matthias and Bell, JJ., concur.
Stewart and Herbert, JJ., dissent.