Stewart, J.
In the present case no question is made that all the proper parties, except the executor, were either served with or waived the issuance of summons, within six months from the probate of the Elstun will, and the only question presented to us is whether Dawson was served as executor within the six-month period.
Under Section 2741.09, Bevised Code, an action to contest a will must be brought -within six months after it has been admitted to probate, and under Section 2741.02, Bevised Code, all the devisees, legatees, and heirs of the testator, as well .as other interested persons, including the executor or administrator, must be made parties to such action.
This court has decided three cases which are claimed to bear upon the question before us.
In Peters v. Moore, 154 Ohio St., 177, 93 N. E. (2d), 683, this court unanimously held that it is mandatory and jurisdictional that the executor be made a party to a will contest, and that the court is without jurisdiction unless the executor is made a party, and a summons, duly followed by service, is is *240 sued within six months after the will has been admitted to probate.
In the Peters case, the executrix of the will was likewise a devisee and legatee. She was not named as executrix in the caption of the petition but was named only in her individual capacity, and she was served individually. Since she occupied a dual capacity, this court decided that the requirement that an executor must be made a party was not complied with, where, occupying the capacities of heir, legatee and executrix, she was made a party in her individual capacity as heir and legatee but not in her distinctive capacity as executrix.
In Bynner v. Jones, 154 Ohio St., 184, 93 N. E. (2d), 687, a similar question was presented.
The executor in the Bynner case was named and served as a defendant in his individual capacity as devisee and legatee alone, no one was made a party in the capacity of executor, and no precipe was filed or summons served within the statutory period on anyone in that capacity.
This court unanimously arrived at the same decision in the Bynner case as it did in the Peters case.
In Mangan v. Hophins, 166 Ohio St., 41, 138 N. E. (2d), 872, a different question arose.
Hopkins was the administrator with the will annexed and had no other relationship to the estate. However, he was named individually in the caption of the petition, without any indication that he was a party in a representative capacity. That fact is noted in the statement of facts in the Mangan case. A precipe was issued and summons served upon Hopkins in his individual capacity, but no summons was issued upon him as administrator with the will annexed.
After the expiration of the six-month period, a motion to dismiss the petition was filed because of the failure to serve the administrator within such period, which motion was sustained.
The judgment of the trial court was affirmed by the Court of Appeals, and this court affirmed the judgment of the Court of Appeals, with three judges dissenting.
It was upon the authority of the Mangan case that the Court of Appeals in the present case affirmed the judgment of the trial court. However, the facts in the present case are markedly different from those in the Mangan case.
*241 In the Mangan case the majority opinion states, in part, as follows:
“In an action to contest a will, the fact that the executor or administrator is named as a party and was so served must clearly appear from the record of the case, and the fact that the person serving as executor or administrator may or may not be a party in another capacity does not eliminate the requirement that he be served in his fiduciary capacity.”
In the present case, differing from the Mangan case, a majority of the court is of the opinion that the record does clearly show that Dawson, as executor, is named as a party and was so served.
In the first place, in the caption of the petition Dawson is named as executor and in no other capacity. In the second place, in the body of the petition he is described as executor and in no other capacity. In the third place he has in fact no other relation to this case except as executor of the will.
The precipe for service of summons upon him is attached to the petition, and, when the service was made, the caption of the petition, naming Dawson as executor and in no other capacity, was on the summons with which he was served.
These distinguishing facts in the present case, which differentiate it so materially from the Mangan case, seem to indicate clearly that Dawson as executor was named as a party and was so served, and we so hold.
From what we have said, it is unnecessary for us to discuss the overruling of the motion to amend the precipe, summons and return.
The judgment of the Court of Appeals affirming the judgment of the Court of Common Pleas is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

Zimmerman, Taft, Bell and Herbert, JJ., concur.
Matthias, J., dissents.