Matthias, J.
The single question raised by this appeal is whether a person who would inherit under the half-and-half statute in the event it is eventually determined that the decedent died intestate is a necessary party in an action to contest the will of the decedent.
It is fundamental that in Ohio the right to contest a will is wholly a creature of statute. Case v. Smith, Admx., 142 Ohio St., 95, 50 N. E. (2d), 142; Fletcher v. First National Bank of Zanesville, Exr., 167 Ohio St., 211, 147 N. E. (2d), 621; and Peters v. Moore, 154 Ohio St., 177, 93 N. E. (2d), 683.
It is equally basic that the provisions of the statutes relating to the contest of wills are mandatory. Gravier v. Gluth, Exrx., 163 Ohio St., 232, 126 N. E. (2d), 332.
• Section 2741.02, Revised Code, enumerates the necessary parties in an action to contest a will, as follows:
“All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to an action under Section 2741.01 of the Revised Code.”
The joinder of the necessary parties as provided by this section is a prerequisite to the obtaining by the Court of Common Pleas of jurisdiction over an action to contest a will, and, where all the necessary parties are not joined prior to the ex *179 piration of the period of time set forth in the statute of limitations, the court is without jurisdiction to entertain such action. Case v. Smith, supra; Gravier v. Gluth, supra; Fletcher v. Bank, supra.
This brings us to the ultimate question in the instant case as to whether one who would take under the half-and-half statute (Section 2105.10, Bevised Code), in the event of a final determination that the deceased died intestate, is an heir of the deceased person within the meaning of Section 2741.02, Bevised Code, and thus a necessary party to an action to contest a will of the deceased.
The right to inherit property as well as the right to transmit property to heirs is purely a statutory right in Ohio subject to control by the General Assembly. Ostrander, Admr., v. Preece, Admr., 129 Ohio St., 625, 196 N. E., 670, 103 A. L. R., 218.
Therefore, the determination as to who is an heir in Ohio must also necessarily be made from a consideration of the statutes of descent and distribution. As stated in the third paragraph of the syllabus in the case of Holt v. Miller, 133 Ohio St., 418, 14 N. E. (2d), 409, “in its technical sense, the term ‘heirs’ embraces those persons who take the estate of an intestate under the statute of descent and distribution, and in the event such statute designates the widow, she takes as an heir.”
Section 2105.10, Bevised Code, known as the half-and-half statute, is a part of the statutes relating to the descent and distribution of estates and reads in part as follows:
“When a relict of a deceased husband or wife dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse by deed of gift, devise, bequest, descent, or by an election to take under Section 2105.06 of the Bevised Code, such estate, real and personal, except one half thereof which shall pass to and vest in the surviving spouse of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, per stirpes. If there are no children or their lineal descendants, such estate, except for the one-half passing to the surviving spouse of such relict, shall pass and descend as follows: * * *. ’ ’
*180 This court in considering the course of descent under this statute stated in the third paragraph of the syllabus of In re Estate of Sherick, 167 Ohio St., 151, 146 N. E. (2d), 727, as follows:
“Under the provisions of Section 2105.10, Revised Code, where a relict spouse dies intestate without having remarried, leaving no surviving spouse or surviving issue and possessed of identical property which came to her under the will of her predeceased spouse, the son and only lineal descendant of the predeceased spouse takes from the relict spouse, his stepmother, and not through her and from the predeceased spouse, his father.”
Thus, one who takes under the half-and-half statute takes as an heir of the relict or surviving spouse and as such, under the provisions of Section 2741.02, Revised Code, is a necessary party in an action to contest the will of such relict.
It is urged, however, that the testatrix in the instant case had executed prior wills under which her property would pass in the event of the determination of the invalidity of the will in the instant case. It is unnecessary for us to determine the effect of a determination of invalidity of a subsequently executed will as to the reinstatement of a prior executed will. Irrespective of the number of wills of a decedent, the determination of his heirs for the purpose of joinder of necessary parties in an action to contest his will must be made from a consideration of those who would take the decedent’s estate in the event of an ultimate finding that such decedent died intestate.
Under the facts of the instant case, in the event of intestacy of the decedent, the stepson would take under the half-and-half statute, and, irrespective of the number of prior unprobated wills of the decedent, such stepson is a necessary party in the will contest.
There being no error in the judgment of the Court of Appeals, it is hereby affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet and Rad cliff, JJ., concur.
Radcliff, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.