**UNDERWOOD v HICKIN, Etc, et**

Ohio Appeals, 9th Dist, Summit Co

No 2308.  Decided Sept 25, 1934

McCuskey & Cotton, Akron, for plaintiff in error.

Motz & Morris, Cuyahoga Falls, for defendants in error William Harry Hickin, etc.; Owen Hickin; and Charles H. Hickin, as guardian ad litem for Corwin Hickin, William Hickin and Charles Hickin.

## OPINION

By WASHBURN, PJ.

A reading of the record herein discloses credible evidence upon which the jury could have predicated the verdict returned by it, and from our investigation we cannot say that the verdict and judgment are manifestly against the weight of the evidence.

The error claimed in the admission of evidence deals with the admissibility of evidence offered by contestants to show that witnesses of proponents had made statements outside of court which were at variance with their testimony given in court; this after the evidence of proponents had been completed, and in which a foundation was laid for impeachment of such witnesses.

Sec 12085, GC, provides for the order of proof in will contest cases, and in part specifies: "Rebutting evidence may be offered as in other cases."

Sec 11420-1, GC, enunciates the rules of trial procedure in other cases.

The foregoing rules were, in our opinion, followed in this case by the trial court, and we find no error in the manner of their application.

The third error assigned has to do with the necessity of making a trustee named in a will a party defendant.

The will in question devised the residue and remainder of the estate to four grandchildren by name, and they are all parties to the action; and the fact that the will provided that such residue should be "placed in trust under the direction of Wilford I. Lutz," who was also the executor of the estate and as such is a party defendant, does not make said Lutz, as trustee, a necessary party within the meaning of §12080, GC.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.