**ADAMS, Plaintiff-Appellant, v. GURKLIES, Defendants-Appellants, and COMER, Defendant-Appellee.**

Ohio Appeals, Second District, Champaign County.

No. 119.   Decided November 19, 1949.

Benjamin E. Seibert, Urbana, for plaintiff-appellant, Dorothy Adams.

Arthur W. Gurklies, for defendant-appellant, Arthur W. Gurklies and Arthur W. Gurklies as executor under the will of Emmett Comer, deceased.

Houston, Houston & Holding, Urbana, by Harold W. Houston, for defendant-appellee, Harry Comer.

**OPINION**

By THE COURT:

This is an appeal on questions of law from an order of the Common Pleas Court vacating a judgment in the case of Dorothy Adams against Arthur W. Gurklies, being No. 22176 in Champaign County Court of Common Pleas.

The judgment which was vacated found that the plaintiff was entitled to the possession of a $5000.00 note and mortgage which the defendant was ordered to surrender and deliver to the plaintiff.   Prior to the action above recited, the will of Emmett Comer, deceased, had been admitted to probate in the Probate Court of Champaign County, Ohio, by the terms of which Arthur W. Gurklies was named executor and was thereafter appointed and qualified as such executor. The order of vacation was predicated upon a motion filed

in the Common Pleas Court in case No. 22176 by Harry Comer, sole next of kin of decedent, who had prior thereto instituted his action to contest the last will and testament of decedent.

The motion at length fully set out chronologically the proceedings incident to the probating of the will of Emmett Comer, deceased, the naming of the executor, the filing of the name of Benjamin E. Seibert as Attorney of record for the executor, the filing of the inventory of the assets of the estate and the listing of the note in question as an asset, the appraisement of the property of decedent, the filing, hearing and approval of the inventory and appraisement and one of the terms of the will, namely Item VII,

"I give to Dorothy Adams, the balance due on the note and mortgage given to me by Frank and Elsie Nease, dated March 18, 1948, when same becomes due and for her to have the same rights therein as I would have if I were living and which I have this day assigned to her; to be hers absolutely.";

the institution of the action of Adams V. Gurklies as an individual and the order therein. Then follows averments, the effect of which is to charge bad faith on the part of Gurklies, individually and as executor, and Benjamin E. Seibert, his attorney, in the institution of the suit, Adams V. Gurklies, and the subsequent proceedings therein including the taking of the judgment; that the executor did not have his day in court and failed to exercise the degree of care required of him in preserving and defending the assets of the estate. The institution of the action to contest the will was set up.

The motion prayed that Harry Comer and the executor be made parties and for vacation of the judgment.

Nine errors are assigned to the judgment which we will not discuss separately. The principal question is whether or not the appellee, Harry Comer, had such an interest in the subject matter of the action, Adams V. Gurklies, individually, as to authorize him to be made a party to the action and to invoke the jurisdiction of the court to act upon his motion.

In the case of **Kennedy, Executor v. Walcutt, 118 Oh St 442**, it is held that a person who is a beneficiary under a will has such a pecuniary interest in the estate of the testator as entitles him, under §12079 GC to contest another alleged

will of the same testator which would destroy, reduce, or impair his share in such estate. A fortiori the next of kin who would be the sole beneficiary if the probated will is set aside has such a pecuniary interest in the estate as would entitle him to contest the will. It would not be necessary to invoke the pronouncement in Kennedy, Extr. v. Walcutt to establish the principle that the next of kin, who would take if the will was set aside, would have such a pecuniary interest as to answer the description of the language in §12079, "A person interested in a will or codicil admitted to probate, etc."

The effect of a contest of a will upon the powers of executors during the contest is defined in §10509-22 GC, which is to clothe the administrator or executor with authority to carry on the mandatory obligations of the estate but to hold distribution in abeyance.

In our judgment it follows that the next of kin has such an interest in the assets of the estate as that he may intervene and interpose an equitable defense, the effect of which, if true, would be to prevent the dissipation of assets of the estate of which he would be a beneficiary if the will was eventually nullified. In this conclusion we recognize that the executor or administrator is during the administration of the estate nominally the legal representative of the testator and of those who might share in the estate. But here we do not have the ordinary situation. The motion is based in part upon the claim that there has been a complete failure of the executor to exercise his manifest obligation to the estate as a result of which assets that properly belong to it may be removed from administration.

We have no record of the proceedings in the trial court and must accord to the order appealed from every intendment which will support its regularity and validity. So doing, we can not say that the court erred in making Harry Comer and the executor parties or in taking such action as would prevent the transfer of the note to Dorothy Adams without the intervention of the executor. It is asserted that no notice was given to the executor of the pendency of the proceedings to vacate and of the purpose to make him a party defendant but we can not so hold because there may have been an entrance of appearance by the executor at the hearing on the motion.

However, we stand upon our former opinion in **Canal Winchester Bank v. Exline, 61 Oh Ap 253** and hold that the proper order in this case was not a vacation but a suspension of the judgment.

We find no other error assigned well made and with this modification in the order appealed from, the judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.