PORTER, APPELLANT, *v.* FENNER ET AL., APPELLEES.

[Cite as Porter v. Fenner, 5 Ohio St. 2d 233.]

(No. 39631—Decided March 23, 1966.)

234

*Mr. Richard B. McQuade,* for appellant.

*Messrs. Hallett & Hallett* and *Mr. Lewis F. Hallett,* for appellees.

ZIMMERMAN, J. No person should be denied the assertion of a cause of action on captious or purely technical grounds and thereby be deprived of his "day in court." To circumvent such a situation, Section 1.11, Revised Code, provides:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * *"

And Section 2309.58, Revised Code, states:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or *a mistake in any other respect* * * *." (Emphasis supplied.)

Moreover, "the petition, or the record of the court's proceedings, rather than the caption of the pleadings, determines who the parties rightfully and legally are." 41 Ohio Jurisprudence 2d 454, Section 6, citing *Vance* v. *Davis, Agt.*, 107 Ohio St. 577, 580, 140 N. E. 588, 589.

By Section 2323.24, Revised Code, the record of the Court of Common Pleas includes the petition.

True, in a will contest and under Section 2741.02, Revised Code, it is mandatory that "all the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to an action under Section 2741.01 of the Revised Code," and that statute should be observed.

Thus, in the cases of *Peters* v. *Moore*, 154 Ohio St. 177, 93 N. E. 2d 683, and *Bynner* v. *Jones*, 154 Ohio St. 184, 93 N. E. 2d 687, it was held that where a defendant in a will contest occupies the dual role of heir and legatee *and* executor or administrator he must be summoned in both capacities to meet the terms of Section 2741.02, Revised Code, and where he is summoned only in his individual capacity such a disregard of the statute occurs as to require a nonsuit against the contester.

But here, Carl Smith occupied but one position, viz., that of executor according to the petition and the undisputed claim of plaintiff, and, although he was not so designated in the caption of the petition, in the precipe for summons or in the summons

itself, there could be no misunderstanding or confusion as to the real capacity in which he was brought into the suit. He was correctly named in the body of the petition as executor. In fact, he was that and that alone, and the demand of the statute was sufficiently met, even though his title was omitted.

Now, we come face to face with *Mangan* v. *Hopkins*, 166 Ohio St. 41, 138 N. E. 2d 872, decided by a four-to-three vote of the members of the court, in which the position was taken that where the contester in an action to set aside a will fails to name an executor or administrator as such in the caption of the petition or in the summons, even though he has no other relation to the estate, such omission is fatal, and the action must fail. The view of the judges who did not agree with the majority in the *Mangan case* was expressed by Judge Stewart in his dissenting opinion, and a majority of the members of the court as now constituted agree with the reasoning and logic of that dissenting opinion. Hence, *Mangan* v. *Hopkins* is overruled.

In passing, it may be remarked that the procedure adopted in the present case by failing to designate Smith as executor in the caption of the petition and in the precipe for summons is not to be commended. In the interest of accuracy that should have been done.

Although *Abbott* v. *Dawson, Exr.*, 167 Ohio St. 238, 147 N. E. 2d 609, is a stronger case in favor of the contester of a will than is the instant one, there is no conflict between the two cases.

No criticism can be leveled at either of the lower courts. They followed the law as it existed when they rendered their respective judgments.

Therefore, the judgment of the Court of Appeals herein is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings in accordance with this opinion.

*Judgment reversed.*

O'Neill, Herbert, Schneider and Brown, JJ., concur.
Taft, C. J., and Matthias, J., dissent.

TAFT, C. J., dissenting. I dissent for the reasons stated in my concurring opinion in *Mangan* v. *Hopkins* (1956), 166 Ohio St. 41, 42, 138 N. E. 2d 872.

However, if the majority of this court is going to overrule that case and reverse the judgment in the instant case, I believe it is unfortunate that they do not also overrule *Bynner* v. *Jones* (1950), 154 Ohio St. 184, 93 N. E. 2d 687, and thereby relieve those who should be guided by our decisions from the impossible task of endeavoring to find some reasonable ground for distinguishing that case from this case.

Every reason advanced in support of the decision being rendered in the instant case would require a decision in the *Bynner case* other than the decision there rendered. In that case, "the body of the petition contains a statement that [one who had been there named in the caption of the petition and in the precipe only as an individual] was appointed executor." Furthermore, in that case, the one so named "in his answer * * * expressed no reservation that he was not answering in the fiduciary capacity of executor." He even admitted therein "the truth of" the allegation "that he" was "the executor."