HECKER ET AL., APPELLANTS, *v.* SCHULER, EXRX., ET AL., APPELLEES.

[Cite as Hecker v. Schuler, 12 Ohio St. 2d 58.]

(No. 40685—Decided December 6, 1967.)

*Mr. Roger B. Turrell* and *Mr. Richard O. Harris*, for appellants.

*Mr. William Clinton Tompkins*, for appellees.

SCHNEIDER, J. To divine the nub of this case, we are obliged to scrutinize the statute which mandates the parties to an action to contest a will.

Section 2741.02, Revised Code, states: "All the devisees, legatees, and heirs of the testator, and *other interested persons*, including the executor or administrator, must be made parties to an action under Section 2741.01 of the Revised Code." (Emphasis supplied.) The insistence of that section is that *interested persons* be made parties to a will contest.

Quite obviously, in every controversy of this kind, there will, in the nature of things, be devisees or legatees or both. There inevitably will be heirs of the testator, if not known, then unknown. All these persons are *interested* in the contest.

Conversely, there will not always be a judgment creditor of an heir possessing a lien on real property of the estate (*Bloor* v. *Platt*, 78 Ohio St. 46); nor a grantee of a devisee of real property (*Sears* v. *Stinehelfer*, 89 Ohio St. 163). To the extent that such persons are nonexistent, they cannot be "other interested persons" and they need not and, indeed, cannot be named as parties.

Similarly, as this case demonstrates, there will not always be a duly appointed, qualified and acting executor or administrator of a will. An executor nominated by a will but never appointed as such by the Probate Court is a nonexistent executor and as such can not be a person interested in a will contest action and, therefore, cannot, much less need not, be joined as a party thereto.

It is conceded in this appeal that for the entire six months following probate of the will in this case, neither an executor nor an administrator was ever appointed, qualified or acted for the estate or the testator. And, after distribution of the property pursuant to the order of release from administration, which order was procured by the appellee, there was, and apparently still is, no property belonging to the estate.

The appellee insists, however, and the Court of Appeals so held, that it was the obligation of the contestants to have caused the appointment of an administrator *de bonis non sed cum testamento annexo* for the sole purpose of satisfying the statutory "condition" that such person be made a party to the

contest. But we have not been cited to any statutory or case authority which would indicate that the contestants would have had standing thus to approach the Probate Court.

They were neither creditors of the estate nor beneficiaries of the will. In fact, they abjure the will. It was, and is, inconsistent with, and contradictory to, that position to petition for the appointment of a fiduciary under the will.

The principal function of the fiduciary of an estate under a will is to protect, preserve and pay out the assets according to law and the will. Here there was no property, and, consequently, no purpose to be served by the appointment of a fiduciary.

The interest of the fiduciary in a will contest action is also to preserve and protect the property, but, in addition, to be apprised of his duty to refrain from distributing it pending the outcome of that action. Section 2113.21, Revised Code. See also *Adams* v. *Gurklies*, 88 Ohio App. 225. Thus, the essential purpose of requiring his participation as a party is to notify him of, and to actuate his duties during, the pendency of that action. Although he undoubtedly has the *right* to defend the will (see Section 2741.04, Revised Code), he has no *duty* so to do and may cast that burden upon the legatees and devisees. *Executors of Andrews* v. *Administrators*, 7 Ohio St. 143. We conclude, therefore, that for the Probate Court to have appointed a fiduciary at the insistence of the appellants, had they made such request, would have been a purposeless and unauthorized act. We conclude further that the instant will contest was "brought" within six months after probate of the will according to Section 2741.09, Revised Code.

Under this solution of the case, we need not divaricate, as the appellants would have us, through *Porter* v. *Fenner*, 5 Ohio St. 2d 233; *Mangan* v. *Hopkins*, 166 Ohio St. 41; *Brynner* v. *Jones*, 154 Ohio St. 184; and *Peters* v. *Moore*, 154 Ohio St. 171 (in each of which there *was* a duly appointed executor who was joined in the action, but served with summons in his individual, not his fiduciary, capacity), to see whether *Porter* inferentially overruled *Brynner* and *Peters* through the express overruling of *Mangan* (as the Chief Justice thought *Porter* expressly should do, viz., 5 Ohio St. 2d 233, 237) and thus to determine whether

the rule of *Draher* v. *Walters*, 130 Ohio St. 92, has been revitalized. This determination must await a case in which the question necessarily presents itself.

The judgment of the Court of Appeals is reversed and the cause remanded for further proceedings not inconsistent herewith.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL and BROWN, JJ., concur.

HERBERT, J., concurs except in paragraph five of the syllabus.