HIRSCH, APPELLANT, *v.* HIRSCH ET AL., APPELLEES.

(No. 71-405—Decided May 9, 1972.)

*Mr. John M. Adams* and *Mr. Mark K. Merkle, Jr.,* for appellant.

*Mr. John L. Davies,* for appellees Ohio National Bank and Mr. John L. Davies, executors of the estate of Irene D. Hirsch.

*Mr. Noel L. Greenlee,* for appellee Charity Newsies.

*Messrs. Gingher & Christensen,* for appellee Central Ohio Heart Association.

*Mr. Richard Oman,* for appellee Pilot Dogs, Inc.

*Mr. Russell Welch,* for appellee Florence Crittenden Home.

*Mr. Gale King,* for appellee Volunteers of America.

*Mr. Robert M. Draper,* for appellee Franklin County Historical Society.

*Mr. James J. Hughes,* city attorney, for appellee Columbus Public Library.

WHITESIDE, J. This is an appeal on a judgment of the Franklin County Court of Common Pleas dismissing the action filed by plaintiff to contest the last will and testament of Irene D. Hirsch, deceased, for lack of jurisdiction due to the failure of plaintiff to join indispensable parties-defendant.

Irene Hirsch died on May 7, 1970. On May 18, 1970, a writing, purporting to be her last will and testament, and

codicils thereto, were admitted to probate in the probate division of the Franklin County Court of Common Pleas. On November 13, 1970, plaintiff filed an action to contest such will and codicils.

On February 12, 1971, defendants The Ohio National Bank of Columbus, Ohio and John L. Davies, co-executors of the last will and testament of Irene D. Hirsch, filed a motion to dismiss the will contest complaint upon two grounds: (1) that plaintiff failed to name as defendants or to obtain service of summons upon The Ohio National Bank of Columbus and John L. Davies, trustees, named in Article XXI of the will of Irene D. Hirsch and the codicils to said will dated July 31, 1969; and (2) that plaintiff failed to name as defendants or to obtain service of summons upon certain institutions and organizations to which Irene D. Hirsch had made a pledge in writing which was unpaid at the time of her death, as designated in Item XXIX of said will, added by the codicil of said will on July 31, 1969.

The trial court sustained the defendants' motion to dismiss, but in so doing discussed only the second ground of the motion. Plaintiff appeals, assigning a single error—that "the trial court committed error prejudicial to plaintiff-appellant in sustaining defendants' motion to dismiss."

I. *Necessity of pledgee institutions as parties.*

Item XXIX of the will of Irene D. Hirsch, added by a codicil to the will which codicil was executed on July 31, 1969, provides as follows:

"I give and bequeath to each institution or organization to which I have made a pledge in writing the amount of any balance of any such pledge which is unpaid at the time of my death. I further direct that my Executors shall be the sole judges of the authenticity of any such pledges and the balance due thereon, and shall have full and final authority to reject any pledge which in their sole judgment is not authentic."

In support of their motion to dismiss, defendants filed an affidavit stating in part that "the Executors of her es-

state have determined that Irene D. Hirsch, during her lifetime, made written pledges to Buckeye Boys Ranch, Inc., Center of Science & Industry, Ohio Northern University, and Engineers' Foundation of Ohio, and that there were balances due and unpaid on those written pledges at the time of her death." The affidavit further stated that the executors had determined that said pledges were authentic.

Plaintiff contends that the language in the codicil did not create a class of legatees necessary to be joined in the will contest but that, rather than being legatees, the pledgee institutions were creditors of the estate of Irene D. Hirsch. Plaintiff contends that the written pledges described in the codicil to the will are enforceable obligations or debts of the deceased. Plaintiff further contends that even if the pledgee institutions are legatees, such status cannot exist until the executors determine that the pledges are authentic.

The defendants contend that the pledges described in the codicil to the will are not necessarily debts of the estate. They contend that whether or not such a pledge is a debt of the estate depends upon whether or not it was supported by consideration, that the codicil applies to pledges whether or not supported by consideration, and that the intent of the testatrix was to make a bequest of the unpaid amount on each pledge so that she could ensure payment of the pledge regardless of consideration. Defendants further contend that even if the pledges constituted debts, the pledgee institutions are still legatees and necessary parties to the will contest action.

Consideration must first be given to what is meant by the word "pledge" as used in the will of the deceased. In 71 Corpus Juris Secundum 1190, Pledge, Section 602, we find the following definition of the word:

"The word 'pledge' has a number of different meanings. It is defined as meaning a solemn promise, which, under no possible circumstances, shall be violated. In this sense, 'pledge' is synonymous with 'promise.'

"Its other connotations are technical * * *."

204

In *Irwin* v. *Lombard University* (1897), 56 Ohio St. 9, the Supreme Court stated in the syllabus that:

"The consideration for a promissory note executed to an incorporated college is the accomplishment of the purposes for which it is incorporated and in whose aid the note is executed; and such consideration is sufficient."

The Supreme Court stated in its opinion, at pages 22 and 23:

"* * * promises made with a view to discharging the debts of such institutions, to providing the means for the employment of teachers, to establish endowment funds to give them greater stability and efficiency, and whatever may be necessary or helpful to accomplish their purposes or secure their permanency must be held valid. A view which omits considerations of this character is too narrow to be technically correct.

"* * *

"The requirements of the law are satisfied, the objects of the parties secured, and the perpetration of frauds prevented by the conclusion that the consideration for the promise in question is the accomplishment, through the university, of the purposes for which it was incorporated and in whose aid the promise was made. * * *"

While *Irwin* involved a promissory note and an incorporated college, we conclude that the same principle applies to pledges made to institutions or organizations. An unqualified pledge in writing has all the elements of a non-negotiable promissory note. See R. C. 1303.03 and 1303.78.

Accordingly, the consideration for a pledge to an eleemosynary institution or organization is the accomplishment of the purposes for which such institution or organization was organized and created and in whose aid the pledge is made, and such consideration is sufficient. We, therefore, conclude that pledges made in writing to eleemosynary institutions and organizations are enforceable debts supported by consideration, unless the writing itself otherwise indicates or it is otherwise proved.

Regardless of whether item XXIX of the will of Irene

D. Hirsch refers to pledges which are enforceable debts, the effect of such article is to incorporate by reference certain extrinsic writings made by Irene D. Hirsch; namely, the pledges in writing referred to. The efficacy of item XXIX depends upon the existence of an extrinsic writing executed by Irene D. Hirsch during her lifetime, in the absence of which item XXIX has no effect.

With respect to incorporation by reference, R. C. 2107.05 provides as follows:

"An existing document, book, record, or memorandum may be incorporated in a will by reference, if referred to as being in existence at the time the will is executed. Such document, book, record, or memorandum shall be deposited in the probate court when the will is probated or within thirty days thereafter, unless the court grants an extension of time for good cause shown. A copy may be substituted for the original document, book, record, or memorandum if such copy is certified to be correct by a person authorized to take acknowledgments on deeds."

As indicated by R. C. 2107.05, it is generally held that as a requisite to the incorporation of an extrinsic document into a will by reference, such document must be in existence at the time the will is executed. See the annotation in 3 A.L.R. 2d 682. The reason for this requirement is that the testator cannot reserve to himself the power to modify his will by an instrument subsequently executed in a manner other than that required by statute for the execution of wills and codicils thereto. See *Koeninger* v. *Toledo Trust Co.* (1934), 49 Ohio App. 490.

The solution to the dilemma, pointed out by plaintiff, in ascertaining the identity of the institutions and organizations to which pledges in writing had been made by the deceased is provided by R. C. 2107.05. That section requires that the document, incorporated by reference into the will, be "deposited in the probate court when the will is probated or within thirty days thereafter." The affidavits filed by the defendants do not indicate that the pledges in question were in existence at the time the will was executed or that they were deposited in the probate court

when the will was probated or within thirty days thereafter.

Assuming, *arguendo,* that item XXIX of the will refers to pledges in writing not supported by consideration, and therefore not debts of the estate, it is necessary (1) that such pledges in writing were in existence at the time the will was executed and (2) that such pledges in writing were deposited in the probate court within thirty days after the will was probated. In the absence of either of these conditions, the institutions or organizations to which the pledges in writing were made cannot be legatees within the meaning of R. C. 2741.02.

On the other hand, if item XXIX of the will is applicable to pledges in writing made subsequent to the execution of the will, only such pledges in writing as are supported by consideration, and are thus debts of the estate, can fall within the purview of the provision. Under such circumstances, the institutions and organizations to which the pledges were made are not legatees but are creditors of the estate.

The fact that the executors have been directed to pay such debts does not change the nature of the relationship between the decedent and such institutions or organizations to which the pledges in writing were made. Nor does item XXIX of the will make such institutions or organizations interested persons within the meaning of R. C. 2741.-02, because they have no pecuniary interest in the estate of the testator created by such item which would be defeated if the will were determined not to be the last will and testament of Irene D. Hirsch. See *Chilcote, Guardian,* v. *Hoffman* (1918), 97 Ohio St. 98.

The pledges in writing, when supported by consideration as indicated above, are enforceable against the estate whether or not item XXIX is effective. Under such circumstances, the rights of such organizations or institutions arise from the pledge in writing itself and are not dependent upon item XXIX of the will.

II. *Necessity of testamentary trustees as parties.*

Defendants further contend that the trial court had no

jurisdiction because plaintiff failed to join as parties-defendant the testamentary trustees of the testamentary trust provided in the will of Irene D. Hirsch.

The parties filed a stipulation on August 31, 1971, stipulating that: "The Ohio National Bank of Columbus and John L. Davies, who are named in item XXI of said last will and testament of Irene D. Hirsch and the codicil thereto as the trustees of the trust created under said item XXI were not appointed by the probate court of Franklin County, Ohio, as such trustees pursuant to R. C. 2109.02 during the six month period following May 18, 1970, the date of probate of said will of Irene D. Hirsch and they have not yet been appointed by said court as such trustees at the time of filing this stipulation."

The fourth, fifth, and sixth paragraphs of the syllabus of *Hecker* v. *Schuler* (1967), 12 Ohio St. 2d 58, read as follows:

"4. Where, after probate of a will, the estate is relieved from administration and the nominated fiduciary is not appointed as such by the Probate Court until after six months following probate, such fiduciary is nonexistent for the purposes of, and is not a person interested in, a contest of the will.

"5. A nonexistent person cannot be an *interested person* in a will contest and need not be joined as a party thereto.

"6. A will contest action otherwise rightly 'brought' within the meaning of Section 2741.09, Revised Code, will not fail under Section 2741.02, Revised Code, for the sole reason that a person who is nonexistent within the period of six months following probate is not joined as a party thereto."

In the opinion at page 60, it is stated:

"* * * An executor nominated by a will but never appointed as such by the Probate Court is a nonexistent executor and as such can not be a person interested in a will contest action and, therefore, cannot, much less need not, be joined as a party thereto."

Plaintiff contends that the same principle applies to

testamentary trustees named in a will. The persons named as testamentary trustees are also the co-executors of the estate and are made parties in that fiduciary capacity.

R. C. 2101.24 confers jurisdiction upon the probate court to appoint testamentary trustees. R. C. 2109.02 provides as follows:

"Every fiduciary, before entering upon the execution of a trust, shall receive letters of appointment from a probate court having jurisdiction of the subject matter of the trust.

"The duties of a fiduciary shall be those required by law, and such additional duties as the court orders.

"No act or transaction by a fiduciary shall be valid prior to the issuance of letters of appointment to him. This section does not prevent an executor named in a will from paying funeral expenses or prevent necessary acts for the preservation of the trust estate prior to the issuance of such letters."

By definition in R. C. 2109.01, testamentary trustees are fiduciaries within the meaning of R. C. 2109.02.

In *Campbell* v. *Johnson* (1948), 83 Ohio App. 225, this court held that an administrator *de bonis non* is not a party united in interest with a testamentary trustee. However, in that case, the administrator and the testamentary trustee were different individuals. In *Underwood* v. *Hickin* (1934), 18 Ohio Law Abs. 345, the Ninth District Court of Appeals held that where all the residue of an estate was devised to named individuals but such residue was "placed in trust under the direction" of a person who was also the executor of the estate, and, as such, was named a party-defendant, he was not a necessary party as trustee.

As in *Underwood,* the beneficiaries of the trust are specifically named in the will and each of them has been made a party-defendant herein.

The syllabus of *Draher* v. *Walters* (1935), 130 Ohio St. 92, reads as follows:

"Service of summons upon one of the legatee-devisee defendants, in an action to contest the validity of a will, is to be deemed commencement of the action as to each of the

defendants of that class, and also the executor. Actual service of summons can thereafter be made upon the remainder of the defendants of that class."

That part of the syllabus of *Draher* relating to an executor was overruled by *Peters* v. *Moore* (1950), 154 Ohio St. 177. The second paragraph of the syllabus of *McCord* v. *McCord* (1922), 104 Ohio St. 274, reads as follows:

"2. Codefendants are 'united in interest' within the meaning of the provisions of Section 11230, General Code, only when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action."

The "united in interest" doctrine was predicated upon an interpretation of G. C. 11230 (later R. C. 2305.17). R. C. 2305.17 was amended in 1965 (131 Ohio Laws 646) and the language upon which the "united in interest" doctrine was predicated was deleted from the section. The civil rules contain no provision similar to that formerly contained in R. C. 2305.17 upon which the "united in interest" doctrine was predicated. Accordingly, it is doubtful that the "united in interest" doctrine, as such, is still a viable doctrine. See, however, Civil Rules 19 and 24.

However, as indicated above, the testamentary trustees had not been appointed at the time the will contest was filed nor is there any indication to this court that they have yet been appointed by the probate court. A testamentary trustee is little different from an executor insofar as his existence is concerned prior to appointment. Both are nominated by the will; both must receive letters of appointment from the probate court before entering upon the execution of his trust; neither is under an obligation to accept the responsibility conferred by the will and may decline to do so; and no act or transaction of either is valid prior to issuance of letters of appointment (R. C. 2109.-02).

The beneficiaries of the trust, on the other hand, were all existing persons and were made parties to the will contest action. We, therefore, conclude that a testamentary trustee nominated by a will for a trust with specific named

beneficiaries is a nonexistent trustee until appointed as such by the probate court and is not a person interested in the will contest action until so appointed.

A will contest action, otherwise rightly brought within the meaning of R. C. 2741.09, will not fail under R. C. 2741.02 for the sole reason that persons named testamentary trustees in the will, but who have not been appointed to such capacity within the period of six months following probate, are not joined as parties in that capacity, where such persons are parties in their capacity of co-executors, having been so named in the will and appointed by the probate court, and where all the beneficiaries of the testamentary trust have been timely made parties to the action.

The first paragraph of the syllabus of *Porter* v. *Fenner* (1966), 5 Ohio St. 2d 233, involving a will contest action, states:

"Remedial statutes and the proceedings thereunder are to be liberally construed, and no person should be denied the assertion of a cause of action on captious or purely technical grounds."

In this case, it is the beneficiaries of the testamentary trust who have a pecuniary interest in the estate arising through the trust created thereby that will be defeated if the will contest is successful. On the other hand, the interest of the testamentary trustees is technical in nature for the administration of the trust for the benefit of the beneficiaries. As indicated above, the beneficiaries are parties to the will contest action and, as such, may defend the will and their interests thereunder. It is doubtful that a testamentary trustee not yet appointed by the probate court has any duty to defend the will and might well cast that burden upon the named beneficiaries. See the first paragraph of the syllabus of *Hecker, supra* (12 Ohio St. 2d 58).

To deny the plaintiff the right to assert his cause of action solely because of a failure to join, as such, the testimentary trustees who have not yet been appointed, as such, by the probate court, although they are parties in their capacity as co-executors, even though all beneficiaries of

the testamentary trust are parties to the action, would be to deny the assertion of a cause of action on purely technical grounds.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to this court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

TROOP, P. J., and HOLMES, J., concur.