Holland et al., Appellants, *v.* Carlson et al., Appellees.

[Cite as Holland v. Carlson (1974), 40 Ohio App. 2d 325.]

(No. 33290—Decided May 16, 1974.)

*Mr. David B. Shillman,* for appellants.
*Messrs. Calfee, Halter, Calfee, Griswold & Sommer,* for appellees.

CORRIGAN, J.   The record in this case shows that the will of Blanche C. Burman was admitted to probate on February 14, 1972.   On June 22, 1972, plaintiffs-appellants filed a will contest action in Common Pleas Court pursuant to R. C. 2741.01, *et seq.*   On September 13, 1972, defendant-appellee, Einar Carlson, executor, filed a motion to dismiss on the ground that the plaintiffs had failed to join a necessary party to the will contest action within six months of the will's admission to probate, contrary to the provision of R. C. 2741.02.[1]

The record contains a photostatic copy of the will, attached to defendant's motion as Exhibit "A," which shows that Byron J. Burman, the testatrix' nephew, is named as a residuary legatee.   Plaintiffs' complaint, however, does not name Byron J. Burman as a party.   Following the filing of defendant's September 13th motion to dismiss, plaintiffs on October 25, 1972, filed a motion for leave to join new party defendant pursuant to Civ. R. 21.[2]   The court granted defendant's motion and dismissed the action on November 1, 1972.

Plaintiffs appealed that action on December 1, 1972, and this court in a previous, unreported ruling reversed and remanded the case for further proceedings.   Court of Appeals, Eighth Appellate District, No. 32376, August 13, 1973.

The record shows that on remand defendant Einar Carlson again moved to dismiss on August 15, 1973, which motion was granted by the court on November 23, 1973.   On December 13, 1973, plaintiffs filed their notice of appeal and now assign as error the trial court's granting defendant's motion to dismiss on November 23, 1973.

---

[1] R. C. 2741.02: *Necessary parties.*

All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to an action under section 2741.01 of the Revised Code.

[2] Civ. R. 21. *Misjoinder and Nonjoinder of Parties.*

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.   Any claim against a party may be severed and proceeded with separately.

Appellants concede that Byron J. Burman was named in the will as a legatee, was a necessary party to the action pursuant to R. C. 2741.02, but was neither named as a party-defendant in the complaint nor joined within six months of probate of the will.

The record reflects that plaintiffs-appellants' motion for leave to join a new party-defendant was filed after the six-month limitation of R. C. 2741.09.[3] Appellants now state, and correctly so, that the "[r]efusal to permit such joinder has necessarily resulted in dismissal of the complaint for failure to comply with Section 2741.02 of the Revised Code, making all legatees necessary parties to a will contest action."

Appellants maintain that the old "united in interest" doctrine as applied in will contest actions and liberal amendment and joinder under the recently adopted Civil Rules of Procedure militate in their favor and mandate a reversal of the dismissal below.

The application of the "united in interest" doctrine in will contest actions is derived from *Draher* v. *Walters* (1935), 130 Ohio St. 92, which held that service upon one of the legatee-devisee defendants is to be deemed commencement of the action as to each of the defendants of that class, and also as to the executor. Actual service could thereafter be made on all the defendants of that class. *Id.* at 96.

Appellee contends that *Draher* is distinguishable on the facts and that the plaintiffs-appellants have not brought themselves within the purview of the *Draher* case. In *Draher* all necessary parties were named in the petition as defendants, but the Sheriff failed to obtain service of process on all said parties. In the instant case a residuary legatee

---

[3]R. C. 2741.09: *Limitation of action to contest will.*

An action to contest a will or codicil shall be brought within six months after it has been admitted to probate, but persons under any legal disability may bring such action within six months after such disability is removed. The rights saved to persons under disability shall not be effective as against a bona fide purchaser for value, a fiduciary who has acted in good faith, or a person delivering or transferring property under authority of a will to an appointed fiduciary or to any other person.

was simply not named as a party within the statutory period.

Further, the "united in interest" doctrine in will contest actions appears to have been completely overruled, first by *Peters* v. *Moore* (1950), 154 Ohio St. 177, 180-181, which required that the executor specifically be made a party and served, and later by *Gravier* v. *Gluth* (1955), 163 Ohio St. 232, 239-240, and *Fletcher* v. *First Nat'l Bank of Zanesville* (1958), 167 Ohio St. 211, 214-215, which required that all necessary parties under the statute (R. C. 2741.02) must be named and made parties within the six-month limitation period (R. C. 2741.09).

That the Supreme Court of Ohio has completely rejected the *Draher* "united in interest" doctrine was made clear recently when the Court refused "to determine whether the rule of *Draher* v. *Walters*, 130 Ohio St. 92, has been revitalized. This determination must await a case in which the question necessarily presents itself." *Hecker* v. *Schuler* (1967), 12 Ohio St. 2d 58, 61-62.

Appellants further rely on the case of *Beverly* v. *Beverly* (Erie Co., 1973), 33 Ohio App. 2d 199, for their proposition that:

"R. C. 2741.02 is a remedial statute and the proceedings thereunder are to be liberally construed, and no person should be denied the assertion of a cause of action on captious or purely technical grounds." *Beverly*, paragraph 2 of the syllabus, citing and following *Porter* v. *Fenner* (1966), 5 Ohio St. 2d 233.

Appellants maintain that the *Beverly* decision and earlier cases that they have cited show a clear trend in Ohio law favoring their position that the failure to strictly comply with R. C. 2741.02 and 2741.09 should not terminate their cause of action for, under the present civil rules, "amendments to pleadings and joinder of new parties are to be freely permitted in the interest of justice."

We cannot agree with appellants' position. First, the liberalization of procedure under will contest actions such that no person should be denied its cause of action on "captious or purely technical grounds" has, in each reported case, been clearly limited to a similar and rather

specialized situation, where a defendant is named and served in his individual capacity but not in some other specific legal relationship to the estate.

For example, in *Porter* v. *Fenner* (1966), 5 Ohio St. 2d 233, a defendant was named in the body of the petition as the executor of the estate but by virtue of the caption he was only served in an individual capacity. The Supreme Court held that even though this defendant's title as executor was omitted in the petition, the plaintiff should not be denied its cause of action, *i. e.*, its "day in court," on captious or purely technical grounds. *Id.* at 235-236.

Again, a similar situation was resolved in *Hirsch* v. *Hirsch* (Franklin Co., 1972), 32 Ohio App. 2d 200, by the holding that:

"A will contest action, otherwise rightly brought within the meaning of R. C. 2741.09, will not fail under R. C. 2741.02 for the sole reason that persons named testamentary trustees in the will, but who have not been appointed to such capacity within the period of six months following probate, are not joined as parties in that capacity, where such persons are parties in their capacity of co-executors, having been so named in the will and appointed by the probate court, and where all the beneficiaries of the testamentary trust have been timely made parties to the action." *Id.* at 210.

And finally in *Beverly, supra,* one service of summons was made, within the time limitation of R. C. 2741.09, upon a defendant occupying the positions of surviving spouse, devisee, and executrix which did not designate these three specific legal relationships between the defendant and the estate. These various capacities of the defendant, however, were clearly set out in the body of the complaint. The Court of Appeals reversed the trial court's dismissal of the action after the lower court had granted leave to amend, pursuant to Civil Rule 15. Referring to Sarah Beverly, the defendant in question who occupied the three specific relationships under the will, the court held that:

"It would be captious and purely technical to say that she, as an individual, did have notice, was properly served but, as an executrix, was uninformed. She was also an heir

at law. Technically, we could be ridiculous and require that three separate summons and three separate copies of the complaint be served upon her, one in her role as an executrix, one in her role as an heir, and one in her role as a devisee or legatee.

"* * * Sarah Beverly, executrix, knew or should have known that, but for the mistake in not identifying her as executrix in the original caption, the action would have been brought against Sarah Beverly in her role as an individual and also in her role as executrix." 33 Ohio App. 2d at 214.

Moreover, the *Beverly* court did not, as appellants in the present case suggest, consider it "necessary to determine whether the rule of *Draher* v. *Walters, supra,* wherein the 'unity-of-interest' theory was advanced, has been revitalized, as intimated by the court in *Hecker, supra.*" 33 Ohio App. 2d at 215. The conclusion that the "united in interest" doctrine has been completely overruled and, contrary to appellants' argument, has not been reinstated through the civil rules is supported by the following rationale:

"The 'united in interest' doctrine was predicated upon an interpretation of G. C. 11230 (later R. C. 2305.17). R. C. 2305.17 was amended in 1965 (131 Ohio Laws 646) and the language upon which the 'united in interest' doctrine was predicated was deleted from the section. The civil rules contain no provision similar to that formerly contained in R. C. 2305.17 upon which the 'united in interest' doctrine was predicated. Accordingly, it is doubtful that the 'united in interest' doctrine, as such, is still a viable doctrine." *Hirsch, supra,* at 209. *Cf. Collins* v. *Nurre* (Hamilton Co., 1969), 20 Ohio App. 2d 53, 55.

In further answering appellants' argument that their action was improperly dismissed because the trial court failed to recognize the policy of liberal amendment and joinder under the civil rules, we note that Chapter 2741 of the Revised Code is designated as a Special Remedy within Title XXVII. The will contest action under R. C. 2741.01, *et seq.,* is clearly a special statutory proceeding. Further-

more, the provisions of R. C. 2741.02 and 2741.09 have consistently been held by the clearest and best authority to be jurisdictional and mandatory. *See Fletcher, supra,* at 215. *See also Porter, supra,* at 235; *Beverly, supra,* paragraphs 1, 5 and 6 of the syllabus; *Collins, supra,* at 53-54. Appellants in the present action concede that a residuary legatee in the will was neither named anywhere in their complaint nor served within the six-month limitation period or at any time thereafter. Appellants argue that liberalized procedure under the civil rules should allow them to now correct this defect.

Civil Rule 1(C) sets forth the following exception to the applicability of the rules:

"(C) *Exceptions.* These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure ... (7) in all other special statutory proceedings; ...."

Civil Rule 82, moreover, states the following general provision:

"These rules shall not be construed to extend or limit the jurisdiction of the courts of this state."

Under the present circumstances, where appellants have allowed the six-month limitation period of R. C. 2741.-09 to lapse without having named a legatee under the will and necessary party under R. C. 2741.02 in any manner in their complaint, it would be an unwarranted extension of jurisdiction to now permit amendment or joinder under the civil rules.

Appellants' situation in the instant case was aptly described by Chief Justice Weygandt when he referred to the *Gravier* case in the *Fletcher* opinion:

"In that case as in the instant one, 'there was a defect in parties during the entire six-months limitation period.' In that case as in this, 'the duty of the plaintiffs was to include in their action all the parties required by the statute within the six-month limitation, there as here, 'this was not done, and the Court of Common Pleas correctly determined it had no jurisdiction.' "[3] *Fletcher, supra,* at 214.

The civil rules have not changed procedure in will

.contest actions to the extent appellants suggest. After the statutory limitation period has lapsed, any civil rule that would operate to allow the plaintiff in a will contest action to add a necessary party designated under statute, would be, by its nature, clearly inapplicable as it would operate to extend the jurisdiction of the courts in this special statutory proceeding.

We, therefore, are of the opinion that the court below is without jurisdiction to try this will contest action and properly dismissed the same on jurisdictional grounds.

The judgment of the Court of Common Pleas is correct and must be affirmed.

*Judgment affirmed.*

SILBERT, C. J., and JACKSON, J., concur.