134

SHARP, APPELLEE, *v.* SHELBY MUTUAL INS. CO.; RELIANCE
ELECTRIC AND ENGINEERING CO., APPELLANT.

[Cite as Sharp v. Shelby Mutual Ins. Co., 15 Ohio St. 2d
134.]

(No. 40655—Decided July 10, 1968.)

*Mr. William F. McKee*, for appellee.
*Messrs. Jones, Day, Cockley & Reavis, Mr. Patrick F. McCartan* and *Mr. Oliver C. Henkel, Jr.*, for appellant.

O'NEILL, J. The initial question raised for determination by this court is whether, in the action brought by the plaintiff, the trial court erred in sustaining the motion of defendant Reliance to quash the service of summons on the ground that service upon its statutory agent in Cuyahoga County was not authorized by Section 2703.04, Revised Code, because the plaintiff's petition did not state a joint cause of action against Shelby, a resident defendant, and Reliance, a nonresident defendant.

Section 2703.04, Revised Code, in pertinent part, provides:

"When the action is rightly brought in any county * * * summons may be issued to any other county against one or more of the defendants *at the plaintiff's request* * * *." (Emphasis added.)

That section has been interpreted to mean that summons will issue to another county where the petition states a "valid joint cause of action" against the resident and nonresident defendants. *Stark County Agricultural Society* v. *Brenner* (1930), 122 Ohio St. 560, 172 N. E. 659. In paragraph five of the syllabus of that case, this court held:

"In order to give the Court of Common Pleas jurisdiction over joint defendants who are nonresidents of the county where suit is brought, and for whom summons has been issued to the county of their residence, the averments of the petition and the proof on the trial must establish a valid joint cause of action against a resident defendant and against such nonresident defendants."

Plaintiff's petition states that, as a result of the garnishment suit purportedly instituted by Reliance in Georgia, Shelby has "wrongfully withhheld payment of the proceeds" due plaintiff under a fire insurance policy.

Plaintiff prays for a judgment against Shelby in the amount allegedly wrongfully withheld by the insurer. In addition, plaintiff alleges that the garnishment suit was spurious and that, under Georgia law, Reliance is obligated to plaintiff for double damages for the alleged wrongful garnishment. Plaintiff prays for a judgment against Reliance in an amount equal to twice the sum garnished.

An examination of the petition reveals that plaintiff alleges that his rights have been infringed in two respects: (1) The wrongful withholding of the funds by Shelby, and (2) the wrongful garnishment by Reliance.

Implicit in the rationale of the *Stark County case* is the concept of joint and several liability of the respective defendants. The *Stark County case* requires that the resident defendant and the nonresident defendant each be liable, upon proper proof, for the entire damages which their concurrent negligence proximately caused.

There is no question of joint and several liability in the instant case, for under no circumstances would Reliance be liable for the insurance proceeds allegedly withheld by Shelby, nor could Shelby be liable for damages caused by Reliance's attempted wrongful garnishment action. Under the theory of plaintiff's petition, each defendant could be liable only for any damages which plaintiff suffered because of alleged "wrongful withholding" and "wrongful garnishment," respectively, *i. e.*, as a result of their individual acts. In the instant case, there is not a "valid joint cause of action," as that concept is defined in the *Stark County case*.

This conclusion is buttressed by an examination of the rule usually applied to support joint liability. In *Larson* v. *Cleveland Ry. Co.* (1943), 142 Ohio St. 20, 50 N. E. 2d 163, this court held in paragraph three of the syllabus:

"Where a person is wrongfully injured at the hands of two or more persons acting in concert, or acting independently but concurrently in causing a single injury, each of the wrongdoers is severally liable to such person for the full amount of the damage occasioned thereby; and the

person injured may enforce his claim therefor in an action against all of them jointly, any one of them severally, or any number of them less than the whole.''

The element of ''concurrent action causing a single injury'' by the defendants is absent in the instant case. Plaintiff's petition speaks of two separate ''injuries'' resulting from the allegedly wrongful acts of the defendants. See *Wery* v. *Seff* (1940), 136 Ohio St. 307, 25 N. E. 2d 692 (single, indivisible injury required). The rationale supporting joint and several liability and the language of Section 2703.04, Revised Code, do not support a finding of a ''valid joint cause of action'' in the instant case. No single, indivisible injury is present.

The term, ''cause of action,'' has been subject to varying definitions by courts and text writers. See, *e.g.,* *Henderson* v. *Ryan* (1968), 13 Ohio St. 2d 31, 233 N. E. 2d 506; James, Civil Procedure (1965), 552, Section 11.10; Clark, Code Pleading (2 Ed. 1947), 129, Section 119; Pomeroy, Code Remedies (5 Ed. 1929), 526, Section 346 *et seq.* Three basic definitions of the term, ''cause of action,'' have emerged.

Under the theory which equates a cause of action with a remedial or secondary right, any conceivable legal theory of recovery constitutes a separate cause of action. In terms of the instant petition, the statement of a cause of action for damages for ''wrongful withholding of funds due'' constitutes a cause of action which is separate and distinct from the cause of action stated for damages for ''wrongful garnishment.'' As two remedies are sought, two causes of action, by that definition, would be stated.

The second theory has been described in terms of ''primary right-primary duty.'' Under this theory, it is the breach of a primary right possessed by a plaintiff and its correlative, primary duty of defendant, which creates a cause of action. Pomeroy, *supra*, Section 347.

An examination of the instant petition reveals that two reciprocal rights and duties are involved. In terms of plaintiff's rights, it is his right to be paid the money due on the insurance contract and his right to be free from

"wrongful garnishment," which constitute the primary rights allegedly breached. As to the defendants, it was the duty of Shelby to pay the amount admittedly due under its insurance contract, and it was the duty of Reliance to refrain from allegedly spurious legal action, which form the primary duties involved. It appears that, under this theory, plaintiff seeks to state two distinct causes of action.

The final theory defines "cause of action" as "a group or aggregate of operative facts, limited 'to a single occurrence or affair, without particular reference to the resulting legal right or rights.' This so called 'factual unit' theory places the emphasis upon the breadth of the transaction or occurrence rather than the particular right of the plaintiff which has been infringed." *Henderson* v. *Ryan, supra,* at page 34. The limits of the theory were stated in *Vasu* v. *Kohlers, Inc.* (1945), 145 Ohio St. 321, 61 N. E. 2d 707 (overruled in part on another ground in *Rush* v. *Maple Heights* [1958], 167 Ohio St. 221, 147 N. E. 2d 599), where this court said, at pages 334 and 335:

"* * * One concept of the term [cause of action] * * * is to the effect that as long as the same wrongful act or transaction is the subject of litigation there is but one cause of action without regard to the application of rules of substantive law to additional or variational facts which are involved and which must be considered. The test under this concept is not whether added facts constitute a material difference in plaintiff's right or defendant's wrong under the substantive law, but whether such additional facts are so closely woven into the transaction which comprehends the defendant's wrong as to justify the court in regarding multiple interests affected and wrong done as a single unit for the purposes of litigation. * * *

"The other concept of a cause of action * * * is to be found in the well known test that causes of action are the same if both actions are supported by the same evidence, and that two causes of action differ if the same evidence does not support both. * * *"

Under either branch of the "factual unit" theory, the plaintiff does not state a single cause of action.

The claims plaintiff makes against the two defendants are not supported by the same evidence. Moreover, the acts of the defendants do not lend themselves to treatment as a single unit. Neither defendant has any interest or stake in the claim of the other, nor would either defendant, for *res judicata* purposes, be bound by a determination of the rights or liabilities of the other.

Therefore, under any of the proffered definitions of the term, "cause of action," plaintiff's petition does not state a "joint cause of action" which is required to bring it within the provisions of Section 2703.04, Revised Code.

The trial court properly sustained the motion of the defendant, Reliance, to quash the service of summons upon that corporation.

The next question which this cause presents is: Where a plaintiff brings an action in a Municipal Court against a defendant residing within the court's territorial jurisdiction, *and that defendant, by affidavit,* interpleads a third-party claimant, resident of another county, which county is outside the court's territorial jurisdiction and where the order of interpleader issued by the court is directed to the sheriff of the county in which the third party claimant resides and served upon the third party claimant by that sheriff, does such court have jurisdiction over such third-party claimant to enter a default judgment where such third-party claimant fails to plead?

Pursuant to the provisions of Section 1901.18, Revised Code, a Municipal Court has subject matter jurisdiction in interpleader actions.

Section 1901.18, Revised Code, provides in part:

" * * * a Municipal Court has original jurisdiction within its territory:

" * * *

"(F) In any action or proceeding in the nature of interpleader * * *."

However, can a Municipal Court secure *personal jurisdiction* over a nonresident, third-party claimant by service of process upon him beyond the court's territorial boundaries?

Section 1901.23, Revised Code, provides in part:

"Writs and process in a Municipal Court shall be served, returned, and publication made in the manner provided for service, return, and publication of summons, writs, and process in the Court of Common Pleas.

"*In any civil action* or proceeding at law *in which the subject matter of the action or proceeding is located within the territory or a defendant resides or is served with summons within said territory, the court may issue summons, orders of interpleader,* all other writs, and mesne and final process, including executions necessary or proper for the complete adjudication of the issues and determination of the action, to the *bailiff for service in the county or counties in which the court is situated* and *to the sheriff of any other county* against one or more of the remaining defendants." (Emphasis added.)

In addition, Section 2307.29, Revised Code, provides:

"Upon affidavit of a defendant * * * that a third party, without collusion with him, has or makes a claim to the subject of the action, and that he is ready to pay or dispose of it as the court directs, the court may make an order for the safekeeping, payment, or deposit in court of the subject of the action, or its delivery to such person as it directs, and also an order requiring such third party to appear in a reasonable time and maintain or relinquish his claim against the defendant. If, having been served with a copy of the order by the sheriff or such other person as the court directs, such third party fails to appear, the court may declare him barred of all claim in respect to the subject of the action, against the defendant therein. * * *"

The Municipal Court, in the instant case, has jurisdiction over the subject matter of interpleader under the provisions of Section 1901.18, *supra,* and personal jurisdiction over the defendant Shelby, and no question is raised concerning the fact that Reliance was served, pursuant to the direction of the court, with summons by the sheriff of the county in which Reliance is a resident.

Reliance correctly contends that jurisdiction over a

nonresident defendant can not be obtained under Section 2703.04, Revised Code, unless the petition states a valid joint cause of action against both the resident and nonresident defendant. However, Section 2703.04 is not dispositive of the question now before this court, because that section, which states in pertinent part that ''a summons may be issued to any other county against *one or more of the defendants at the plaintiff's request*'' (emphasis added), deals only with the situation in which the *plaintiff makes a request* for the issuance of a summons to be served on a *nonresident defendant*. In the instant case, a *defendant* filed an affidavit in interpleader, requesting that *a third-party claimant* be brought under the jurisdiction of the court by service of summons upon it at its place of residence in another county. In an interpleader action, Section 2703.04 does not *prevent* a trial court from assuming jurisdiction over a nonresident third-party claimant.

Here, the jurisdiction of the Municipal Court is not dependent upon a valid joint cause of action being stated in the plaintiff's petition under the provisions of Section 2703.04, Revised Code.

The court's jurisdiction is grounded upon (1) its jurisdiction over the subject matter of interpleader under the provisions of Section 1901.18, Revised Code; (2) its jurisdiction over the *resident defendant* Shelby upon whom process was properly served; and (3) its jurisdiction over Reliance, as a *nonresident, third-party claimant* named in an affidavit of interpleader filed by the defendant, and served upon Reliance pursuant to the provisions of Section 1901.23, Revised Code, and Section 2307.29, Revised Code.

It can not be successfully contended that the words, ''against one or more of the remaining defendants,'' in Section 1901.23 limit interpleader actions to causes in which the third-party claimant is a resident of the same county as the defendant in the original action. Such a limitation would cripple the salutary purpose sought to be achieved by the General Assembly in enacting interpleader statutes. When the provisions of Section 1901.23, Revised

Code, are read in conjunction with the provisions of Section 2307.29, Revised Code, it is clear that the General Assembly intended to vest the trial courts of this state with power, in an interpleader action, to order service of process upon a third-party claimant residing in another county of this state, and to vest such courts with the power to bar such nonresident third-party claimant from any claim with respect to the subject matter of the action if he fails to appear.

The purposes of interpleader statutes are to expedite the settlement of claims to the same subject matter, prevent multiplicity of suits, with the attendant delay and added expense, and to provide for the prompt administration of justice. Interpleader statutes, being remedial legislation, should be liberally construed to facilitate the attainment of those goals. See Section 1.11, Revised Code; *Porter* v. *Fenner* (1966), 5 Ohio St. 2d 233, 215 N. E. 2d 389; *Van Meter* v. *Segal-Schadel Co. of Columbus* (1966), 5 Ohio St. 2d 185, 214 N. E. 2d 664; *New York Life Ins. Co.* v. *Welch* (C.A.D.C. 1961), 297 F. 2d 787; *Douglas-Guardian Warehouse Corp.* v. *Ramy Seed Co.* (C.A. 8 1959), 271 F. 2d 24. See, also, *Supreme Counsel Catholic Benevolent Legion* v. *McGinness* (1899), 59 Ohio St. 531, 53 N.E. 54.

Just as the concept of joint and several liability justifies service upon a nonresident joint tort-feasor under the rule of the *Stark County case* (122 Ohio St. 560) and Section 2703.04, Revised Code, the concept of conflicting claims to the same subject matter of an action justifies authorizing service on a nonresident third-party claimant. It is the plaintiff's and the third-party claimant's common, but conflicting, claims to the subject matter of the interpleader action which justifies the uncommon extension of a trial court's power to obtain personal jurisdiction beyond its territorial boundaries.

Accordingly, in light of the language of the statutes, there is no sound reason, in the instant case, why Reliance, as a third-party claimant to the insurance proceeds, should not be required to assert its claim in the Municipal Court or have that claim barred. Not to require Reliance to as-

sert its claim in the Mansfield Municipal Court, or have it barred, would lead only to additional litigation over the same subject matter. The relatively insignificant burden of travel between the counties of this state can not take precedence over the need for the efficient, orderly and just conclusion of litigation. It is with this in mind that the General Assembly provided for service of summons upon nonresident, third-party claimants.

The Court of Appeals was in error in reversing the order of the Municipal Court, which order sustained the motion of Reliance to quash the service of summons upon Reliance as a codefendant with Shelby under the petition filed by the plaintiff.

The Municipal Court correctly sustained the motion to quash and correctly held that it had jurisdiction over Reliance as a third-party claimant.

The order of the Municipal Court, barring Reliance from any further claim upon the proceeds of the insurance policy, was correct.

The judgment of the Court of Appeals is reversed, as indicated, and the judgment of the Municipal Court is affirmed.

*Judgment reversed.*

Taft, C. J., Zimmerman, Matthias, Schneider and Brown, JJ., concur.

Herbert, J., not participating.