MOTORISTS MUTUAL INSURANCE COMPANY

v.

BAUMGARDNER et al., Appellants; Franck, Appellee.

[Cite as *Motorists Mut. Ins. Co. v. Baumgardner* (1996), 113 Ohio App.3d 749.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8-96-7.

Decided Aug. 29, 1996.

*Robert M. Lancione,* for appellants.

*Stephen C. Findley,* for appellee.

SHAW, Judge.

This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12, we hereby elect to issue a full opinion in lieu of a judgment entry.

Defendants-appellants, Diane and William Baumgardner, appeal from a judgment entered in the Logan County Court of Common Pleas, denying their motion for prejudgment interest, which was filed in an interpleader action initiated by plaintiff-appellee Motorists Mutual Insurance Company ("Motorists").

On November 14, 1992, defendant Diane Baumgardner sustained injuries after being involved in a motor vehicle collision with third party defendant-appellee Jason Franck. At the time of the collision, Franck was insured by an automobile liability policy underwritten by Motorists. On March, 9, 1994, plaintiffs filed a civil action against Franck in the trial court.

On May 31, 1995, Motorists filed a complaint for interpleader pursuant to Civ.R. 22 against defendants Diane and William Baumgardner and Franck's passenger, Christopher Hickman, who also had injury claims arising from the collision. In its complaint for interpleader, Motorists asserted that the potential claims arising from the collision exceeded its liability coverage of $300,000 and requested that the competing claimants settle their rights to Franck's remaining limits under his policy. On November 14, 1995, the tort case proceeded to jury trial, resulting in a judgment against Franck in the amount of $373,098.50. On December 20, 1995, the trial court granted Motorists' motion to deposit its remaining liability policy limits with the court and on March 15, 1996, the trial court issued a judgment entry ordering the court clerk to pay defendants $286,244.94, which was the sum of the interpleaded funds.

On March 29, 1996, defendants filed a motion in the trial court seeking prejudgment interest. Defendants had previously filed a motion for prejudgment interest in the underlying tort action on December 22, 1995. On March 15, 1996, this motion was overruled by the trial court because it was not timely filed. On April 24, 1996, the trial court overruled the instant motion for prejudgment interest, holding that the motion was merely a collateral attack on the trial court's prior March 15, 1996 entry. The trial court further held that defendants were not entitled to prejudgment interest because their judgment was awarded in the interpleader action and not the underlying tort action.

Thereafter, defendants filed the instant appeal, asserting the following sole assignment of error:

"The trial court committed reversible error when it denied defendant Baumgardners' motion for prejudgment interest on the basis that the litigation did not

involve tortious conduct and that their right to prejudgment interest was decided in another civil action."

In addressing prejudgment interest in a civil case, R.C. 1343.03(C) provides:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

In *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331, 347, the Supreme Court of Ohio, in evaluating the components of R.C. 1343.03(C), set forth the obligations of the party seeking to invoke the statute and the duties of the trial court judge when considering a party's request for prejudgment interest:

"First, a party seeking interest must petition the court. The decision is one for the court—not any longer a jury. The motion must be filed after judgment and in no event later than fourteen days after entry of judgment. *Cotterman v. Cleveland Elec. Illum. Co.* (1987), 34 Ohio St.3d 48, 517 N.E.2d 536, paragraph one of the syllabus. Second, the trial court must hold a hearing on the motion. Third, to award prejudgment interest, the court must find that the party required to pay the judgment failed to make a good faith effort to settle and, fourth, the court must find that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case."

In its judgment entry, the trial court found that defendants' motion was a collateral attack on the trial court's previous entry denying prejudgment interest and that the judgment in the interpleader action was not based upon tortious conduct. Thus, the issue for determination in this appeal is whether a judgment awarded in an interpleader action, which is filed in conjunction with an underlying tort action, constitutes the payment of money in a civil action based on tortious conduct which permits the award of prejudgment interest.

Plaintiff in the instant case filed its interpleader action pursuant to Civ.R. 22 because potential claims exceeded Jason Franck's liability coverage. Plaintiff's asserted purpose in filing its interpleader action was to attempt to avoid multiple liability and to require the competing claimants to settle their rights to the remaining policy limits.

In *Sawmiller v. Nationwide Mut. Ins. Co.* (Sept. 23, 1991), Allen App. No. 1–91–1, unreported, 1991 WL 216810, we found that R.C. 1343.03(C) is inapplicable

to a contract action against one's insurer for underinsured motorist benefits. An action for interpleader is designed to "expedite the settlement of claims to the same subject matter, prevent multiplicity of suits, with the attendant delay and added expense, and to provide for the prompt administration of justice." *Sharp v. Shelby Mut. Ins. Co.* (1968), 15 Ohio St.2d 134, 144, 44 O.O.2d 126, 132, 239 N.E.2d 49, 56. In our view, while the judgment rendered in the interpleader was *related* to the underlying tort action, it was not rendered in a civil action based on tortious conduct. Plaintiff's interpleader action more closely resembled a contract dispute concerning which parties were entitled to collect damages under Jason Franck's policy limits. Accordingly, we hold that the trial court did not abuse its discretion in denying defendants' motion for prejudgment interest pursuant to R.C. 1343.03(C), as the judgment rendered in the interpleader action was not based on tortious conduct. Accordingly, plaintiffs' sole assignment of error is overruled, and the judgment of the Logan County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.

