OPINION
{¶ 1} Plaintiff-appellants, Chester and Betty Shock (hereinafter "the Shocks"), appeal the judgment of the Wyandot County Court of Common Pleas, finding that they were not entitled to pre-judgment interest or attorney fees in connection with their insurance claim against appellee, Motorist Insurance Company.
 {¶ 2} On September 12, 2000, a fire occurred in the Village of Sycamore, Ohio at a facility near the Shock residence. As a result of the fire, the Shocks' home sustained heat damage. At the time the damage occurred, the Shocks maintained a policy of homeowner's insurance with Motorist Insurance Company (hereinafter "Motorist"). In October 2000, the Shocks filed a notice of claim with Motorist and settlement negotiations commenced.
 {¶ 3} On January 6, 2001, Motorist sent the Shocks a claim check for the heat damage to their residence in the amount of $820.39. The Shocks were later issued another check from Motorist in the amount of $250.00. After issuing these checks, Motorist closed their file on the Shocks' claim. Unsatisfied with this resolution, the Shocks filed a complaint against Motorist on June 1, 2001 seeking additional compensation for the heat damage to their home and alleging Motorist's conduct in settling their claim amounted to bad faith.
 {¶ 4} The cause proceeded to a jury trial on October 8, 2002. Following the presentation of evidence, the jury returned a verdict in favor of the Shocks. The jury found, by interrogatories, that the Shocks' residence sustained heat damage in the amount of $8,648.02 and that Motorist failed to settle the claim with the Shocks in good faith. However, the jury determined that the Shocks did not incur any additional compensatory damages or punitive damages as a result of Motorist's lack of good faith. The jury further determined that the Motorist should be required to pay the legal expenses of the Shocks, including reasonable attorney fees "as determined by the Judge at a later time."
 {¶ 5} Following the jury verdict, the Shocks filed motions for the payment of attorney fees and for pre-judgment interest. Additionally, Motorist filed a motion for judgment notwithstanding the verdict on the issue of attorney fees, claiming that an award of attorney fees, without an award of punitive damages, was contrary to law. On January 8, 2004, the trial court held a hearing on the parties' motions. On March 17, 2004 the trial court entered judgment on the jury verdict in the amount of $8,648.02 and denied the Shocks' motions for pre-judgment interest and attorney fees, finding that attorney fees were unavailable absent an award of punitive damages.
 {¶ 6} Prior to the trial court's ruling on the motions, however, the Shocks filed a request for judicial notice of the fact that counsel for the Shocks and counsel for Motorist worked together to prepare the jury instructions which were subsequently finalized, approved and accepted without objection by both parties. In response to the request for judicially noticed facts, Motorist filed a motion to strike, claiming the information was redundant and immaterial. On April 2, 2004, the trial court overruled the Shocks' request for judicially noticed facts and granted Motorist's motion to strike, finding that the facts sought to be judicially noticed had already been determined and were considered in the trial court's March 17, 2004 decision on the previous motions for pre-judgment interest and attorney fees.
 {¶ 7} It is from the March 17, 2004 and April 2, 2004 decisions that the Shocks appeal, setting forth four assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed reversible error when it failed toaward pre-judgment interest on the jury's damage award of eightthousand six hundred forty-eight and 02/100 ($8,648.02) dollars.
 {¶ 8} The Shocks argue that they are entitled to pre-judgment interest as a matter of law, based on the jury's finding that Motorist failed to investigate and settle the Shocks' insurance claim in good faith. The Shocks contend that by denying their motion for pre-judgment interest, the trial court disturbed this finding by the jury and the trial court's decision must be reversed.
 {¶ 9} R.C. 1343.03 governs the award of pre-judgment interest in civil actions. Subsection (C) sets forth the applicable standard for awarding pre-judgment interest on a tort claim and states in pertinent part:
[I]nterest on a judgment, decree, or order for the payment ofmoney rendered in a civil action based on tortious conduct andnot settled by agreement of the parties, shall be computed fromthe date the cause of action accrued to the date on which themoney is paid if, upon motion of any party to the action, thecourt determines at a hearing held subsequent to the verdict ordecision in the action that the party required to pay the moneyfailed to make a good faith effort to settle the case and thatthe party to whom the money is to be paid did not fail to make agood faith effort to settle the case.
 {¶ 10} A party seeking pre-judgment interest must demonstrate to the court both 1) that the opposing party failed to make a good faith effort to settle the case and 2) that the moving party did not fail to make a good faith effort to settle the case.Foreman v. Wright, 8th Dist. No. 82067, 2003-Ohio-5819. Furthermore, the Ohio Supreme Court has held that a trial court should not award pre-judgment interest where a party (1) fully cooperated in discovery, (2) rationally evaluated risks and potential liability, (3) did not attempt to delay the proceedings unnecessarily, and (4) made a good-faith monetary settlement offer or responded in good faith to an offer from the other party. See Champ v. Wal-Mart Stores, Inc., 1st Dist. No. C-010283, 2002-Ohio-1615.
 {¶ 11} Whether a party's settlement efforts were made in good faith is a decision committed to the sound discretion of the trial court. See Moskovitz v. Mt. Sinai Med. Ctr. (1994),69 Ohio St.3d 638, 658. Absent an abuse of this discretion, the trial court's decision to award pre-judgment interest should not be reversed on appeal. See Kalain v. Smith (1986),25 Ohio St.3d 157, 159. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. See Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 12} In the case sub judice, the Shocks maintain that because the jury found that Motorist failed to act in good faith in investigating and settling the Shocks' claim, the trial court was required, by law, to award pre-judgment interest. Despite the Shocks' contention, however, the jury's finding is not dispositive of the trial court's ruling on the motion for pre-judgment interest. In a tort action, the decision to award pre-judgment interest is one for the court — not the jury.Motorists Mut. Ins. Co. v. Baumgardner (1996),113 Ohio App.3d 749,751. Moreover, bad faith in settling a claim, as found by a jury, can coexist with good faith in settling a lawsuit.McDonald v. American Select Ins. Co. (August 31, 1988), 2d Dist No. 87-CA-01 87-CA-12. Pursuant to R.C.1343.03, therefore, the trial court's decision to award pre-judgment interest is based only a party's actions during the pendency of the lawsuit.
 {¶ 13} The trial court herein found that the evidence presented by the Shocks did not demonstrate that Motorist failed to make a good faith effort to settle the case. Although the trial court found that Motorist did not wish to participate in mediation of the case, it determined that, in itself, did not indicate a lack of good faith. The trial court concluded that the Shocks had not carried their burden of proof on the issue of pre-judgment interest and denied their motion.
 {¶ 14} After reviewing the record before us, we agree with the trial court's determination that the Shocks did not demonstrate a lack of good faith on the part of Motorist in settling the lawsuit, as required by R.C. 1343.03(C). As the Shocks had the burden of proof on this issue, we do not find the trial court abused its discretion in denying their motion for pre-judgment interest. Accordingly, appellants' first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court committed reversible error when it granted thedefendant's motion for judgment notwithstanding the verdict anddenied plaintiffs their reasonable attorney fees and expenses.
 {¶ 15} In this assignment of error, the Shocks argue that the trial court erred by entering a directed verdict on the issue of attorney fees in favor of Motorist. The Shocks maintain that the motion was not supported by the facts of the case, specifically, because the jury followed the instructions it was given and determined that the Shocks were entitled to have their attorney fees paid. The Shocks also maintain that, despite Motorist's arguments, an award of punitive damages is not a prerequisite to the award of attorney fees. Rather, the Shocks argue that all they had to demonstrate was that punitive damages could havebeen awarded, not that they were actually awarded. Accordingly, the Shocks claim they are entitled to attorney fees on the basis of the jury's finding that Motorist failed to act in good faith.
 {¶ 16} A trial court should grant a motion for judgment notwithstanding the verdict when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to that party. Posinv. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271; Civ.R. 50(A)(4). On appeal, the trial court's ruling on a motion for directed verdict is reviewed de novo. McConnell v. HuntSports Ent. (1999), 132 Ohio App.3d 657.
 {¶ 17} An insurer owes its insured the general duty to act in good faith in the handling and payment of the claims of its insured. Motorists Mut. Ins. Co. v. Said (1992),63 Ohio St.3d 690, 694. In every insurance contract there is an implied covenant of good faith and fair dealing. Id. at 695. A breach of this duty on the part of the insurer to act in good faith and to engage in fair dealing will give rise to a cause of action against the insurer. Claims based upon an insurer's breach of duty of good faith are tort claims. Bullet Trucking, Inc. v.Glen Falls Ins. Co. (1992), 84 Ohio App.3d 327.
 {¶ 18} In general, a prevailing party in a tort action may not recover attorney fees as costs of litigation in the absence of a statute providing for such an award. City of Gahanna v.Eastgate Properties, Inc. (1988), 36 Ohio St.3d 65, 66. However, an exception to this rule arises when the opposing party has acted "in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons." Id.
 {¶ 19} Upon consideration of the purpose and nature of an award of attorney fees, the Ohio Supreme Court stated:
[t]he award of attorney fees, although seemingly compensatory and treated as such in the model jury instruction, does not compensate the victim for damages flowing from the tort. Rather, the requirement that a party pay attorney fees under these circumstances is a punitive remedy that flows from a jury finding of malice and the award of punitive damages. There is no separate tort action at law for the recovery of attorney fees under these circumstances. Without a finding of malice and the award ofpunitive damages, a plaintiff cannot justify the award of attorney fees, unless there is a basis for sanctions under Civ.R. 11. Digital Analog Design Corp. v. North Supply Co. (1992),63 Ohio St.3d 657, 662. Emphasis added.
 {¶ 20} The Ohio Supreme Court reiterated this requirement inZoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552, and stated:
* * [A]n insurer who acts in bad faith is liable for thosecompensatory damages flowing from the bad faith conduct of theinsurer * * *. However, * * * an insured is not automaticallyentitled to interest or attorney fees. * * * Attorney fees may beawarded as an element of compensatory damages where the juryfinds that punitive damages are warranted. Id. at 558. Emphasis added.
 {¶ 21} In the case sub judice, although the jury made a finding that Motorist failed to act in good faith in the handling of the Shocks' fire damage claim, the jury did not find that punitive damages should be awarded. Without both a finding of a lack of good faith and an award of punitive damages, the Shocks are not entitled to attorney fees as a matter of law. Therefore, we do not find that the trial court erred in granting Motorist's motion for a directed verdict on the issue of attorney fees.
 {¶ 22} Accordingly, appellants' second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court committed reversible error when it departedfrom the well settled Ohio doctrine of "invited error" and CivilRule 51.
 {¶ 23} The Shocks argue, within this assignment of error, that the trial court erred in failing to find that Motorist had waived its objections to the jury instructions by not objecting to them. In the absence of any objections, the Shocks maintain that Motorist could not request that the trial court reconsider the issue of attorney fees on the basis that the jury instructions were improperly drafted and contrary to Ohio law, as it was Motorist who "invited the error."
 {¶ 24} Initially, we note that the jury instructions are not properly before this court. Although the Shocks have attached to their brief what is purported to be the instructions given to the jury, these instructions do not otherwise appear in the record. As we have previously held, evidence not part of the record that is attached to an appellate brief cannot be considered by a reviewing court. Grove v. Grove, 3d Dist. No. 13-00-32, 2001-Ohio-2109. The submitted instructions may not, therefore, be considered by this court.
 {¶ 25} Furthermore, we find that without the instructions given to the jury, we are unable to resolve this assignment of error. When portions of the transcript necessary for the resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Therefore, we must affirm the trial court's decision. Accordingly, we do not find the trial court herein erred in reconsidering the issue of attorney fees, even in the absence of objections to the jury instructions by Motorist.
 {¶ 26} Appellants' third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. IV The trial court committed prejudicial error when it deniedplaintiffs' request for judicial notice of facts.
 {¶ 27} The Shocks contend that the trial court erred to their prejudice in overruling their motion to take judicial notice of the following facts: the jury instructions and interrogatories were prepared, written and finalized by counsel for plaintiffs and defendant; and the plaintiffs, defendant and the court agreed to, approved and accepted without objection the format, sequence and content of the jury instructions and interrogatories. The Shocks argue that the trial court's decision demonstrates that the trial court was disposed to prejudice toward them. The Shocks maintain that the trial court had no justification for denying their request and that the trial court acted unreasonably and arbitrarily.
 {¶ 28} Despite the Shocks' assertions, we can not find that the trial court's decision prejudiced the Shocks in any way. In fact, the trial court's March 17, 2004 decision on the motions for attorney fees and pre-judgment interest clearly demonstrates that the trial court found the facts that the Shocks requested to be judicially noticed. In its judgment entry, the trial court stated, "[c]ounsel and the court participated in the fashioning of the jury instructions and interrogatories. Neither party interposed any objections to the instructions and interrogatories before they were given to the jury, nor was any comment or request made after the jury delivered its verdict." Therefore, we do not find that the trial court erred in overruling the Shocks' motion for the judicial notice of facts.
 {¶ 29} Accordingly, appellants' fourth assignment of error is overruled.
 {¶ 30} Having found no error prejudicial to appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J. and Rogers, J., concur.