[Cite as *Career & Technical Assn. v. Auburn Vocational School Dist. Bd. of Edn.*, 2024-Ohio-1348.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| CAREER & TECHNICAL ASSOCIATION, | CASE NO. 2023-L-114 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| AUBURN VOCATIONAL SCHOOL DISTRICT BOARD OF EDUCATION, | Trial Court No. 2011 CV 003318 |
| Defendant-Appellant. | |

**M E M O R A N D U M**
**O P I N I O N**

Decided: April 9, 2024
Judgment: Appeal dismissed

*Ira J. Mirkin*, *Charles W. Oldfield*, and *Jeffrey J. Geisinger*, Green, Haines, Sgambati Co., LPA, City Centre One, Suite 800, 100 Federal Plaza East, Youngstown, OH 44503 (For Plaintiff-Appellee).

*Matthew John Markling*, McGown & Markling Co., LPA, 1894 North Cleveland-Massillon Road, Akron, OH 44333 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Auburn Vocational School District Board of Education ("the Board"), appeals the judgment of the Lake County Court of Common Pleas denying its post-judgment "motion for interpleader," which it filed after this court issued a final judgment and opinion affirming the trial court's adoption of the magistrate's decision subsequent to a bench trial. Appellee, Career & Technical Association ("CATA"), filed a motion to dismiss the appeal, asserting the Board's motion and the trial court's denial of

the same are nullities because they were respectively filed and entered after a valid, final judgment on the merits *and* after all avenues of appellate relief had been exhausted. We agree with CATA and dismiss the appeal.

{¶2} In December 2011, CATA filed a breach of contract action against the Board. The trial court held a bench trial to the magistrate after which the magistrate recommended judgment in CATA's favor and awarded stipulated damages to CATA in the amount of $1,486,045.78. The Board appealed the final order to this court and, in *Career & Tech. Assn. v. Auburn Vocational School Dist. Bd. of Edn.*, 2022-Ohio-2737, 194 N.E.3d 782 (11th Dist.) ("*CATA I*"), this court affirmed the trial court's various determinations in their entirety.

{¶3} The Board sought jurisdictional review with the Supreme Court of Ohio, which declined to accept jurisdiction on January 17, 2023. *Career & Tech. Assn. v. Auburn Vocational School Dist. Bd. of Edn.*, 168 Ohio St.3d 1527, 2023-Ohio-86, 200 N.E.3d 1151. The Board sought reconsideration, which the Court also denied on March 28, 2023. *Career & Tech. Assn. v. Auburn Vocational School Dist. Bd. of Edn.*, 169 Ohio St.3d 1476, 2023-Ohio-921, 205 N.E.3d 566. The Board does not contest the legal reality that the original judgment in CATA's favor became binding upon the Board upon the Supreme Court's denial of its jurisdictional appeal. *See* October 2, 2023 motion, p. 5.

{¶4} After all appellate avenues were exhausted, on October 2, 2023, the Board filed a "Motion for Interpleader and to Deposit Total Judgment Sum for the Safekeeping, Payment, and Disposition of Such Sum to the Interpleaders." In the motion, the Board proposed to deposit the total damages award with the trial court; it sought relief, however, because it claimed the damages award is exempt and otherwise excluded from STRS

2

contributions. Specifically, the Board contended that each of the affected teachers (a.k.a. the proposed interpleaders) are exempt from STRS contribution and, without granting the motion, issuing the payment could expose the Board to double or multiple liability. It bears emphasis that each of the proposed interpleaders were listed in a jointly-stipulated exhibit which set forth their names and the amounts to which each would be entitled upon CATA prevailing in the underlying suit. *See CATA I* at ¶ 19, 49-57, 64-65.

{¶5} It is well settled that a judgment rendered by a court that lacks jurisdiction is void ab initio. *Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988). Courts have consistently treated actions taken by the trial court after the entry of a final judgment that are not within the scope of the Ohio Rules of Civil Procedure as void. *See Mill City Mtge. Loan Tr. 2019-1, Wilmington Savings Fund Soc., FSB v. Knight*, 11th Dist. Ashtabula No. 2020-A-0053, 2021-Ohio-4135, ¶ 35; *see also Allstate Ins. Co. v. Witta*, 9th Dist. Summit No. 25738, 2011-Ohio-6068, ¶ 9-11.

{¶6} Considering these points, the purpose of Civ.R. 22 regarding interpleader is "to expedite the settlement of claims to the same subject matter, prevent multiplicity of suits, with the attendant delay and added expense, and to provide for the prompt administration of justice." *Sharp v. Shelby Mut. Ins. Co.*, 15 Ohio St.2d 134, 144, 239 N.E.2d 49 (1968). According to Civ.R. 22, a defendant who is exposed to double or multiple liability "may obtain such interpleader by way of cross-claim or counterclaim." *Id.* There is no provision in the rule for filing a "motion for interpleader" post-judgment. Indeed, once a plaintiff has reduced its claim to judgment against a stakeholder, the stakeholder may not properly compel the claimant or an adverse claimant to interplead. *Howard v. Mar-Pel's Beauty Academy*, 8th Dist. Cuyahoga No. 53453, 1987 WL 18275

3

(Oct. 8, 1987); *accord State ex rel. Colonna v. Curran*, 8th Dist. Cuyahoga No. 74104, 1998 WL 741929 (Oct. 22, 1998).  In effect, it would appear, despite the paucity of caselaw interpreting the timing of interpleader, that the Board's motion was a nullity,

{¶7}  In *Howard*, the Eighth Appellate District held that a trial court lacks authority to modify a final judgment by granting a motion for interpleader after judgment.  *Id.* at *1 (the trial court had "no authority" to grant a motion by defendant/judgment debtor to interplead plaintiff and a creditor of plaintiff after entering judgment for plaintiff).  Because the trial court lacked authority to consider the Board's post-final-judgment motion for interpleader, its judgment denying the motion is a nullity and not appealable.

{¶8}  Notwithstanding the foregoing, even if this court were to treat the trial court's ruling as a valid, final order, this court addressed the validity of the joint stipulations and the Board's attempt to withdraw from the same in *CATA I*, 2022-Ohio-2737.  Throughout the lengthy period of the underlying proceedings, the Board did not take issue with the joint stipulations (until after final judgment was entered), the final of which provided, in relevant part:

> To the extent this Honorable Court enters final judgment awarding CATA's current and former members damages for each year from the **2011-2012 school year** to the **2020-2021 school year,** the Parties agree that **Exhibit A** contains the total amount of damages that the Board owes to each member for those years and the total amounts that are to be remitted to the State Teachers Retirement System of Ohio ("STRS") on behalf of each member for those years with the exception that any damages owed by the Board shall continue to accrue through the date of final judgment and accordingly, payment of the 2020-2021 school year amounts shall be pro-rated through the date of final judgment including amounts due to STRS.

(Emphasis sic.)

4

Case No. 2023-L-114

{¶9} In *CATA I,* this court determined that the trial court's judgment overruling the Board's attempt to unilaterally withdraw from the joint stipulations was proper. *Id.* at ¶ 50-57. In doing so, this court observed "[w]hen parties mutually agree to facts or evidence in the case and enter into stipulations, such stipulations are regarded as "'expressing the result of proof made by both parties, and so belonging to both parties, that neither party could withdraw the same.'"" *Id.* at ¶ 51, quoting *Garrett v. Hamshue*, 53 Ohio St. 482, 42 N.E. 256 (1895), quoting *Ish v. Crane*, 13 Ohio St. 574 (1862). The validity and substance of the stipulations are accordingly law of the case. *See Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co.,* 81 Ohio St.3d 214, 218, 690 N.E.2d 515 (1998) (the law-of-the-case doctrine not only precludes re-litigation of matters addressed in a previous appeal but also "precludes a litigant from attempting to rely on new arguments * * * *which could have been pursued in a first appeal*[.]" (Emphasis added.))

{¶10} The Board could have challenged the inclusion of STRS payments in the joint stipulation on direct appeal in *CATA I.* The Board attempted to withdraw from those stipulations as they related to damages, but it did not take issue with STRS payments in its appellate brief. The issue could have been addressed on direct appeal but it was not broached by the Board. "The law of the case doctrine is rooted in principles of res judicata and issue preclusion." *State v. Harding*, 10th Dist. Franklin No. 10AP-370, 2011-Ohio-557, ¶ 16, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 35. The doctrine "ensures consistent results in a case, avoids endless litigation by settling the issues, and preserves the constitutional structure of superior and inferior courts." *Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, 133 N.E.3d 470, ¶ 22.

5

{¶11} This matter was initiated in 2011. The Board entered into numerous joint stipulations which included references to STRS contribution, but did not seek to modify the language prior to final hearing on the issues. In this respect, the validity of the stipulations are "law of the case" and the content of the stipulations cannot be challenged after a properly entered final judgment by a superior court.

{¶12} Finally, although some issue is taken with the trial court's November 20, 2023 "Nunc Pro Tunc Correcting Order," we discern no substantive change between the original, October 14, 2021 judgment, and the November 2023 nunc pro tunc order. Specifically, the order purports to clarify the court's intent regarding the members entitled to damages and the manner in which the proceeds would or should be allocated to STRS. The original order states, "Based on this evidence, the court awards judgment to Career Tech and against Auburn in the sum of $1,486,045.78 (on behalf of and to be distributed to each member enumerated in Exhibit A[, the exhibit listing the members, the amount to which they are entitled, and an amount each should receive after contributions to STRS])." The nunc pro tunc provides: "Based on this evidence, the court awards judgment to Career Tech and against Auburn in the sum of $1,486,045.78 (to be distributed by Auburn directly to each member enumerated in Exhibit A in the amounts stipulated, as set forth in Exhibit A, less governmental withholding and the stipulated amounts owned to STRS)."

{¶13} We do not perceive a substantive modification of the final order, but merely a clarification of the content of Exhibit A. Nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995). The clarification reflects what Exhibit A details

6

and does not add or subtract rights or obligations. We discern nothing problematic in the court's use of the nunc pro tunc entry to reflect what was actually decided.

{¶14} Because the judgment appealed is a nullity, the appeal is dismissed.


MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-L-114